EX PARTE MARION MILINA

No. 25614. December 12, 1951.

*Harris Toler*, Austin, for relator.

*George P. Blackburn*, State's Attorney, Austin, for the state.

MORRISON, Judge.

This is a proceeding brought by an inmate of the penitentiary seeking his release on the ground that the judgment authorizing his confinement is void.

The record reflects that relator was, on April 26, 1946, in Cause No. 25,571, convicted of the offense of Attempt to Commit Burglary in the district court of Galveston County and given a five-year suspended sentence. On January 17, 1947, the suspension in the above cause was set aside, relator having been convicted of another offense in that court on that day, and he was sentenced in the above cause to serve not less than two nor more than five years. This sentence was made cumulative with a two-year sentence imposed in Cause No. 25,635, in the same court on the same day.

Relator claims that, since the maximum punishment for the offense of Attempt to Commit Burglary, charged in Cause No. 25,571, is four years, the judgment set forth above is void; and that he, having served the sentence in Cause No. 25,635, is entitled to be released.

In Ex parte Erwin, 145 Tex. Cr. R. 504, 170 S. W. (2d) 226, we had occasion to rule on the identical question. There, we held that one confined by means of an excessive maximum verdict can only be allowed to invoke the writ of habeas corpus after he had served the minimum portion of his sentence.

Since relator has not served the minimum time required by both sentences, the relief prayed for is denied.