Janie Gonzales GARCIA, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 47124, 47125.

Court of Criminal Appeals of Texas.

Sept. 19, 1973.

Rehearing Denied Oct. 10, 1973.

Patrick D. Burke, San Antonio (Court appointed), for appellant.

Ted Butler, Dist. Atty., Arthur Estefan, Richard D. Woods and David K. Chapman, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

JACKSON, Commissioner.

These are appeals from orders revoking probation, the sentences being for five (5) years for possession of heroin and for possession of narcotic paraphernalia.

The former appeals are reported in Garcia v. State, Tex.Cr.App., 488 S.W.2d 448. As disclosed by that opinion, reversal was ordered because in revoking probation the trial court failed to state the findings upon which the probations were revoked. In our opinion we said:

"The orders revoking probation, and the sentences imposed, are hereby set aside until such time as the probations granted to this appellant have been revoked by the trial court in orders clearly setting out the findings and conclusions upon which they are made. From the entry of such orders, the appellant would have the right of appeal to this court. See Wozencraft v. State [388 S.W.2d 426]. The judgments are reversed and remanded."

The mandates recite:

"It is ordered, adjudged and decreed by the Court that the judgment be reversed and the cause be remanded for further proceedings in accordance with the opinion of this Court . . . "

The trial court, upon receipt of the mandates, did not conduct further hearings, but construed the opinion to require only that new orders be entered, setting out the find-

ings upon which the probations were re-voked. Such orders were entered on January 22, 1973, being identical in each case, and reading as follows:

"THE STATE OF TEXAS       "IN THE DISTRICT COURT
      VS.                    175TH JUDICIAL DISTRICT
JANIE GONZALES GARCIA     BEXAR COUNTY, TEXAS

### "ORDER REVOKING PROBATION

"On this the 3rd day of September, A.D., 1971, came on to be heard the Second Amended Motion To Revoke Probation heretofore filed in the above-entitled and numbered cause, the defendant appearing in person and represented by attorney;

"And it appearing to the Court that the defendant was served with a copy of said Motion in the time required by law, and that the evidence established that the defendant is the identical defendant in the above-styled and numbered cause who was heretofore granted probation by this Court, and that the conditions of said probation, among other, were those provisions required by the Statutes;

"And it further appearing that the evidence adduced sustained the allegation in said Motion that the defendant, JANIE GONZALES GARCIA, violated condition number 3 of her probation, in the above-styled and numbered cause, said condition having heretofore been set by the Court on the 21st day of April, 1971, and having been heretofore filed with the papers in the case and is now before the Court, and which condition specifically ordered that the defendant, JANIE GONZALES GARCIA, 'Avoid places and persons of harmful or disreputable character, including places where narcotic drugs are possessed, sold, or used;' in that, she, JANIE GONZALES GARCIA, was in Bexar County, Texas, on the 17th day of February, 1971, at a place where narcotic drugs, to wit; heroin, were possessed, to wit: I. H. 35 and Randolph Field Exit, and the Court so finds.

"And it further appearing to the Court that the evidence adduced sustained the allegation that the defendant, JANIE GONZALES GARCIA, violated condition number 3 of her probation in the above-entitled and numbered cause, said condition having heretofore been set by the Court on the 21st day of April, 1971, and being filed with papers in the case, and is now before the Court, and which condition specifically ordered that the defendant, JANIE GONZALES GARCIA, 'Not associate with persons who possess, sell, or use narcotic drugs,' in that she, JANIE GONZALES GARCIA, did in Bexar County, Texas, on the 17th day of February, 1971, associate with Pablo Jiminez, a person who possessed a narcotic drug, to wit: heroin, and the Court so finds.

"And it further appearing to the Court that the evidence adduced sustained the allegation that the defendant, JANIE GONZALES GARCIA, violated condition number 5 of her probation, in the above-entitled and numbered cause, said condition having heretofore been set by the Court on the 21st day of April, 1971, and being filed with the papers in the case, and is now before the Court, and which condition ordered the defendant, JANIE GONZALES GARCIA, to report in person to the Adult Probation Officer of Bexar County, Texas, on the 21st day of each month, and when said day of the month falls on a Saturday, Sun-

day, or a legal holiday, ordered her to report on the next working day; in that the defendant, JANIE GONZALES GARCIA, failed to report in person, by mail, or by telephone, to the Adult Probation Office for the months of July, August, September, October, November, and December, 1970, and January, 1971, and further she failed to report at any time during said months, and the Court so finds.

"IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED BY THE COURT that the probation heretofore granted the defendant in the above-styled and numbered cause be and the same is hereby set aside and is revoked.

"Signed the 22 day of January, A.D., 1973.

/s/ "Preston H. Dial, Jr.

"PRESTON H. DIAL, JR., Judge
175th Judicial District Court
Bexar County, Texas"

In orders dated March 6, 1973, responding to the objections to the records filed by appellant, we find this language:

"It is the further finding of this Court that the date '21st day of April, 1971', appearing in the third, fourth and fifth paragraphs of the 'ORDER REVOKING PROBATION', should be '21st day of April, 1970' inasmuch as the latter date is the date that this Court set the conditions of probation for defendant-appellant herein and that the date '21st day of April, 1971' was a typographical error in the preparation of the 'ORDER REVOKING PROBATION' for this Court's signature, which typographical error was not corrected prior to this Court's signing of the new 'ORDER REVOKING PROBATION' on January 22, 1973.

"SIGNED and ENTERED this 6th day of March, 1973, for September 7, 1971.

/s/ "Preston H. Dial, Jr.

"PRESTON H. DIAL, JR.,
Presiding Judge
175th District Court,
Bexar County, Texas"

————◆————

This was stipulated and agreed to by the District Attorney and appellant's attorney.

Appellant contends on this appeal that the court was required by our opinion to conduct new hearings on the motions to revoke probation before the entry of orders. No allegations are made as to any new or different evidence which might have been brought before the court at the additional hearings which are urged to be necessary.

Appellant bases her argument upon the final words, "reversed and remanded." However, we have concluded that such language is limited and defined by the prior paragraph of the opinion, in which the orders and sentences "are hereby set aside *until* such time as the probation granted to this appellant have been revoked by the trial court in orders clearly setting out the findings and conclusions upon which they are made." Nowhere in the opinion or the mandates were new or additional hearings required, but only new orders as complied with by the trial court.

We overrule the contention of appellant that new hearings should have been held.

We have reviewed the evidence before the Court on the hearings held before the prior appeal, and find that the orders now before us are amply supported thereby.

We find no reversible error, and affirm.

Opinion approved by the Court.