**Ex parte Raymundo MURILLO.**

**No. 50210.**

Court of Criminal Appeals of Texas.

June 11, 1975.

Rehearing Denied Oct. 8, 1975.

---

Ray J. McQuary, Rosharon, for appellant.

Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

This is a post conviction habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P.

█ Murillo contends that he is illegally confined on a void sentence. On June 5, 1973, he was convicted for the offense of robbery by assault by the use of a firearm under Article 1408 of the former penal code, Vernon's Ann., which provided, in part, the punishment " . . . by confinement in the penitentiary for any term of years not less than five years." A plea of guilty was entered and the court assessed the punishment at life which was not authorized under the statute. He has not served the minimum of five years under the statute and is not entitled to be discharged under earlier decisions of this Court.

█ Applicant is correct in his contention that *life* is not valid as punishment for robbery by firearms under Article 1408, supra.

He wants this Court to hold that he is entitled to be discharged when he has obtained credit for five years. In view of our disposition of this cause, it is not necessary to pass upon this contention.

Recently this Court returned a case for the assessment of punishment in a post conviction habeas corpus proceeding such as this where there was error in assessing punishment. *Ex parte Taylor* (Tex.Cr.App. 1975), opinion withdrawn and not to be published.

█ In keeping with the decision in the *Taylor* case, the cause should be remanded to the trial court for the proper assessment of punishment under Article 1408, supra.

It is so ordered.

## OPINION

## ON PETITIONER'S MOTION FOR REHEARING

In our original opinion in this case we relied upon *Ex Parte Taylor* (Tex.Cr.App. 1975), opinion withdrawn and not to be published, as authority for remanding this cause to the trial court for a proper assessment of punishment. The *Taylor* opinion has now been withdrawn by a subsequent per curiam opinion holding that the question in that case had been rendered moot by the petitioner's discharge from his sentence.

However, we remain convinced that the original disposition of this case was correct. See *Ex Parte Hill,* 528 S.W.2d 125 (Tex.Cr. App.1975).

The motion for rehearing is denied.