

Ray J. McQuary, Rosharon, for appellant.

Jim D. Vollers, State's Atty. and David S. McAngus, Asst. State's Atty., Austin, for the State.

### Ex parte O'Dell Hargrow HILL.

### No. 50393.

Court of Criminal Appeals of Texas.

Oct. 8, 1975.

## OPINION

ROBERTS, Judge.

This is a habeas corpus proceeding under Article 11.07, Vernon's Ann.C.C.P., in which petitioner seeks his release from confinement in the Texas Department of Corrections.

On January 17, 1974, petitioner was indicted by the grand jury of Limestone County, Texas, in Cause No. 5213 for the offense of attempt to commit burglary. Petitioner was also indicted on that date in Cause No. 5218 for the offense of assault on a peace officer with intent to murder. On January 30, 1974, he waived a jury in both cases and entered pleas of guilty in both cases. In Cause No. 5213, attempt to commit burglary, punishment was assessed at five (5) years' confinement in the Texas Department of Corrections. In Cause No. 5218, assault on a peace officer with intent to murder, the punishment was assessed at twenty-five (25) years' confinement in the Texas Department of Corrections.

Pursuant to our Order of April 2, 1975, this application is limited to a consideration of Cause No. 5213 alone.

Petitioner contends, and the State concedes, that his sentence in this cause is void. Article 1404–a, Vernon's Ann.P.C. (1925) provided that punishment for this offense should be not less than two (2) nor more than four (4) years. However, after finding petitioner guilty, the trial court set his punishment at five years' imprisonment. Subsequently, the court sentenced petitioner to serve not less than two (2) nor more than five (5) years.[1]

Clearly, the sentence was improper and void. Cf. *Gonzales v. State*, 527 S.W.2d 540 (No. 50,514, Tex.Cr.App., delivered September 17, 1975). In *Ex Parte Murillo*, 528 S.W.2d 127 (Tex.Cr.App., delivered June 11, 1975), rehearing denied this day, we held for the first time that a void sentence raised initially on habeas corpus could be remanded for resentencing. Petitioner now urges that *Murillo* was incorrectly decided.

We reject petitioner's contentions. Article 11.07, Sec. 3, Vernon's Ann.C.C.P., provides in part:

"The Court of Criminal Appeals may deny relief upon the findings and conclusions of the hearing judge without docketing or may direct that the cause be docketed and heard as though originally presented to said court or as an appeal. Upon reviewing the record the court shall enter its judgment remanding the petitioner to custody or ordering his release, as the law and facts may justify. The mandate of the court shall issue to the court issuing the writ, as in other criminal cases."

We first observe that this statute gives the Court the express power to treat the cause "as an appeal." Moreover, the statute requires us to remand the petitioner to custody or order his release "*as the law and facts may justify.*" Finally, the statute in-

dicates that the mandate shall issue "as in other criminal cases."

In *Ex Parte Alegria*, 464 S.W.2d 868, 871 (Tex.Cr.App.1971), we unanimously held that this Court has authority in a habeas corpus proceeding to decide whether the petitioner is eligible for parole, even though a determination of the writ on that issue alone does not result in "remanding the petitioner to custody or ordering his release." Art. 11.07, supra. There the facts of the case and the law, as defined in *Peyton v. Rowe*, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426 (1968), justified the granting of the writ.

■ Similarly, we conclude in this case that the law and facts justify a partial granting of the writ. It is obvious here, as in *Ex Parte Murillo*, supra, that the trial court intended to assess a punishment above the minimum allowable for the offense. And it is clear that if this case were before us on direct appeal, we would be required to reverse and remand for a reassessment of punishment only. *Baker v. State*, 437 S.W.2d 825 (Tex.Cr.App.1969); *Brumfield v. State*, 445 S.W.2d 732, 740 (Tex.Cr.App.1969); *Saunders v. State*, 511 S.W.2d 281 (Tex.Cr.App.1974); *Gonzales v. State*, supra. Compare *Garcia v. State*, 499 S.W.2d 126 (Tex.Cr.App.1973).

We can discern no reason why the same relief should not be available in a habeas corpus action. Indeed, the language of Art. 11.07, supra, would seem to encourage it. Cf. *Ex Parte Alegria*, supra.

We therefore hold that where a void sentence is attacked on habeas corpus, this Court has the power, in those cases where the court has assessed punishment, to remand the petitioner to the trial court for the assessment of a proper punishment and sentence. Art. 11.07, supra.

We recognize that this holding is inconsistent with the decisions in *Ex Parte Er-*

---

1. It is uncontroverted that petitioner made no request that he be punished under the new Penal Code. See *Gonzales v. State*, 527 S.W.2d 540 (No. 50,514, Tex.Cr.App., delivered September 17, 1975).

*win*, 145 Tex.Cr.R. 504, 170 S.W.2d 226 (1943), and its offspring. Those cases hold that a successful habeas corpus attack upon a void sentence entitles a prisoner to release upon a showing that he has served the minimum penalty affixed by law to the offense.

In *Erwin*, as in this case, the trial court pronounced an indeterminate sentence, "fixing in such sentence as the minimum the time provided by law as the lowest term . . . and as the maximum the term stated in the verdict." Art. 42.09, Sec. 1, V.A.C.C.P. The trial court in *Erwin* correctly affixed the minimum but assessed a maximum that was not within the statutory range. On appeal, this Court held that in such a situation a habeas corpus petitioner was entitled to discharge if he had served the *minimum* term.

The *Erwin* Court seems to have reasoned that since the minimum was valid, but the maximum was unauthorized, *anything* over the minimum was also unauthorized, and therefore unenforceable.

This analysis is simply not persuasive. It erroneously assumes that the error occurred at the time of the pronouncement of sentence, Art. 42.03, V.A.C.C.P., when in fact the error took place at the time punishment was assessed. Art. 37.07, V.A.C.C.P. Because of the Legislature's adoption of a bifurcated system of criminal trials, this Court is empowered to mandate a reversal and remand *only* as to the punishment phase where the court assesses punishment. Cf. *Brumfield v. State*, supra. We hold today, as we did in *Murillo*, that such a partial remand is also an available remedy in habeas corpus actions.

Accordingly, the holding in *Erwin* is expressly overruled.[2] It follows that the petitioner must be remanded to the trial court for a proper assessment of his punishment by the trial judge.

It is so ordered.

2. To the extent that they follow or approve of the holding in *Ex Parte Erwin*, supra, the following cases are also overruled: *Ex Parte O'Dare*, 146 Tex.Cr.R. 162, 172 S.W.2d 336 (1943); *Ex Parte Wheat*, 146 Tex.Cr.R. 171, 172 S.W.2d 344 (1943); *Daugherty v. State*, 146 Tex.Cr.R. 303, 174 S.W.2d 493 (1943); *Ex Parte Whitten*, 151 Tex.Cr.R. 169, 205 S.W.2d 588 (1947); *Cuellar v. State*, 151 Tex.Cr.R. 176, 206 S.W.2d 250 (1947); *Ex Parte Castleberry*, 152 Tex.Cr.R. 583, 216 S.W.2d 584 (1949); *Ex Parte Geisling*, 243 S.W.2d 833 (Tex.Cr.App.1951); *Ex Parte Milina*, 156 Tex.Cr.R. 511, 244 S.W.2d 206 (1951); *Ex Parte Goss*, 159 Tex.Cr.R. 235, 262 S.W.2d 412 (1953); *Ex Parte Rolen*, 163 Tex.Cr.R. 525, 294 S.W.2d 403 (1956); *Ex Parte Foight*, 165 Tex.Cr. 153, 306 S.W.2d 132 (1957); *Ex Parte Webb*, 374 S.W.2d 675 (Tex.Cr.App.1964); *Ex Parte Davis*, 412 S.W.2d 46 (Tex.Cr.App.1967); *Ex Parte Balas*, 412 S.W.2d 53 (Tex.Cr.App.1967); *Ex Parte Morgan*, 417 S.W.2d 400 (Tex.Cr.App. 1967); *Ex Parte Cole*, 417 S.W.2d 408 (Tex. Cr.App.1967); *Ex Parte Benfield*, 417 S.W.2d 812 (Tex.Cr.App.1967); *Ex Parte Collier*, 440 S.W.2d 854 (Tex.Cr.App.1969).