Ex parte William Haskell REED.

No. 65268.

Court of Criminal Appeals of Texas,
En Banc.

Jan. 14, 1981.

Julian J. Smith, Gainesville, for appellant.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ONION, Presiding Judge.

This is a post-conviction proceeding brought under the provisions of Article 11.-07, V.A.C.C.P.

In his several habeas corpus applications, appellant and his counsel contend he is now confined in the Department of Corrections as a result of a 1972 Cooke County conviction for assault with intent to murder (Trial Court No. 71–049) in which punishment was assessed at twenty-five (25) years' imprisonment. His conviction was affirmed on appeal. See *Reed v. State,* 503 S.W.2d 775 (Tex.Cr.App.1974). Appellant now contends that at his 1972 trial three prior Cooke County convictions for assault to murder (Cause No. 15,459), aiding another charged with a felony to escape (Cause No. 15,474), and burglary (Cause No. 15,956) were introduced as part of his prior criminal record (see Article 37.07, V.A.C.C.P.) and that these were void convictions and contributed to the punishment assessed him.

He further contends that with the use of said convictions in 1972 trial aside, he is suffering serious consequences as a result of these void convictions since they are being used by the Board of Pardons and Paroles to find that he is a multi-offender and are considering that as a factor to deny him parole on his 1972 conviction. See *Ex parte Guzman,* 551 S.W.2d 387 (Tex.Cr.App.1977); *Ex parte Harp,* 561 S.W.2d 180 (Tex.Cr. App.1978). The record supports this contention.

Petitioner first contends that the 1960 conviction for assault with intent to murder is void since he was convicted of an offense not charged in the indictment. As to all three prior convictions, he claims all three indictments are fundamentally defective as they fail to state an offense, that in all three trials he had ineffective assistance of counsel and that assistance by appointed counsel was a "sham," "a farce" and "pro forma." He complains there were no written waivers of the two days' time between service of the indictment and arraignment under Article 26.03, V.A.C.C.P.; that there were no waivers of the 10 days' preparation period for appointed counsel under Article 26.04, V.A.C.C.P.; that he did not waive the appearance and confrontation and cross-examination of the witnesses against him; that no evidence was offered to support the guilty plea in the three cases as required by Article 1.15, V.A.C.C.P. He further urges that there was no waiver in any of the cases of the 10 days' time between judgment and sentence for the filing of a motion for a new trial or in arrest of judgment as provided by Articles 40.05, 41.02 and 42.03, § 1, V.A.C.C.P.

When the applications were first presented to the trial court, such court held no evidentiary hearing and made no findings of fact or conclusions of law. When the record reached this court, the proceedings were remanded to the trial court with instructions to conduct an evidentiary hearing on appellant's allegations and to file findings of fact and conclusions of law. The

evidence was not developed as well as it possibly could have been, and the findings of fact and conclusions of law did not cover all of the allegations raised. There was no objection by the petitioner, and we have concluded to proceed on the record now before us.

■ With regard to the claim that the allegedly void prior convictions were introduced at his 1972 trial under Article 37.07, supra, as part of petitioner's prior criminal record, we observe that there was no objection to the introduction of the evidence of the prior convictions at the time the exhibits were offered. Therefore, he waived any claim he may now assert to the 1972 conviction. *McDonald v. State*, 513 S.W.2d 44, 52 (Tex.Cr.App.1974).

■ As to his contention that in Cause No. 15,459 he was convicted of assault with intent to murder with malice instead of the offense of assault with intent to murder charged in the indictment, we observe this matter may be raised by collateral attack. *Ex parte Hill*, 528 S.W.2d 125 (Tex.Cr.App. 1975).

■ The indictment in Cause No. 15,459 charged assault with intent to murder. There was no allegation of malice. The punishment assessed was five years' imprisonment. The docket sheet, formal judgment, etc., all reflect that the conviction was for assault with intent to murder. Applying the indeterminate sentence law, the sentence imposed by the court provided for imprisonment for not less than two nor more than five years.

Article 1160 of the former Penal Code (1925) as amended in 1931,[1] in effect at the time of the alleged offense, provided in part:

"If any person shall assault another with intent to murder, he shall be confined in the penitentiary not less than two nor more than fifteen years; provided that if the jury find that the assault

was committed without malice, the penalty assessed shall be not less than one nor more than three years confinement in the penitentiary ...."[2]

The 1931 amendment was enacted because of the change in our murder statute in 1927 creating one offense with different punishments for murder with and without malice aforethought.

Prior to the 1931 amendment, an indictment for assault with intent to murder would support a conviction for assault with intent to murder with or without malice. After the said amendment, it was necessary to expressly allege malice; otherwise the accused stood charged with no other offense than assault with intent to murder without malice and no greater punishment could be inflicted than for the latter offense. *Crowley v. State*, 150 Tex.Cr.R. 114, 199 S.W.2d 526 (1946); 29 Tex.Jur.2d, Homicide, § 133, p. 159.

And in *Welcome v. State*, 438 S.W.2d 99 (Tex.Cr.App.1969), it was held that Article 1160, supra, created two separate and distinct offenses of assault with intent to murder with malice and assault with intent to murder without malice.

Petitioner argues there was no allegation of malice in the indictment in Cause No. 15,459, and therefore he could not be legally convicted of assault with intent to murder with malice yet he notes the punishment assessed was five years, and the application of the indeterminate sentence law, "not less than 2 nor more than 5 years," falls within the range of punishment for assault with intent to murder with malice. Thus, he contends this was the offense of which he was convicted and that the sentence is void because this was not the offense alleged in the indictment.

The indictment alleged assault with intent to murder, and the judgment reflected that was what the conviction was for. Rather than being a conviction for an of-

---

1. Acts 1931, 42nd Leg., p. 95, ch. 61.

2. Article 1160, V.A.P.C., 1925, as amended in 1931, was again amended in 1961 increasing the penalties for both offenses, but the provisions of the amendment are not here applicable. See Acts 1961, 57th Leg., p. 706, ch. 331, § 1.

fense other than that alleged in the indictment, we conclude under the record before us the conviction was for assault with intent to murder (without malice) with an excessive and unauthorized punishment being assessed.

■ It would seem that under *Ex parte Erwin*, 170 S.W.2d 226 (Tex.Cr.App.1943), and its offspring the sentence, being excessive and unauthorized, would be void and the petitioner would be entitled to release from any consequences. However, in *Ex parte Hill*, 528 S.W.2d 125 (Tex.Cr.App. 1975); *Ex parte Erwin*, supra, and its progeny were overruled. See also *Ex parte Murillo*, 528 S.W.2d 127 (Tex.Cr.App.1975). In *Ex parte Hill*, supra, it was held that where the error as to punishment in a proceeding before the court is shown in a habeas corpus action the cause should be remanded to the trial court for the proper assessment of punishment.

Thus Cause No. 15,459 is remanded to the trial court for the proper assessment of punishment for assault with intent to murder of not less than one year nor more than three years' confinement in the Department of Corrections. The judgment and sentence will thus be reformed. The record reflects that the petitioner served 28 months in the penitentiary, was paroled and discharged a five year sentence. Petitioner should be given credit on any new sentence for the time served, etc., under the former sentence. Partial relief to the extent described is granted with regard to Cause No. 15,459.

■ Petitioner next urges that the indictments in the three prior convictions are fatally defective. In Cause No. 15,459, the petitioner contends the assault with intent to murder indictment was invalid because it failed to allege the act was "unlawful." Where the facts alleged in the indictment clearly show the offense to be unlawful, an express allegation of unlawfulness is unnecessary. *Lohse v. State*, 387 S.W.2d 389 (Tex.Cr.App.1965). In view of the facts alleged in said indictment, petitioner's contention is without merit.

■ Petitioner also alleges the indictment in Cause No. 15,474 fails to state an offense. The indictment in question alleges that on or about May 27, 1960 petitioner did

"... unlawfully and willfully and by force break a bar which formed a part of a cell in the County Jail of Cooke County, Texas, with a hacksaw blade for the purpose and with the intent then and there to aid in the escape of Earl Lesley Roberts, a prisoner imprisoned in said cell, who was then and there lawfully detained in said jail on an accusation of felony ...."

The applicable statute, Article 326, V.A. P.C. (1925), provided:

"Whoever shall convey or cause to be conveyed into any jail any disguise, instrument, arms, or any other thing useful to aid any prisoner in escaping, with intent to facilitate the escape of a prisoner lawfully detained in such jail on an accusation of felony, or shall in any other manner calculated to effect the object, aid in the escape of a prisoner legally confined in jail, shall be imprisoned in the penitentiary not less than two (2) nor more than five (5) years ...."

We find that the indictment was sufficient to allege an offense.

Petitioner also attacks the sufficiency of the 1965 indictment in Cause No. 15,956, charging burglary. He offers no argument or authorities to substantiate his contention. The indictment is facially sufficient and the contention is overruled.

■ Petitioner also contends that in each case there was no written waiver of the two days' time between service of the indictment and time of arraignment as required by Article 26.03, V.A.C.C.P. First we observe that Article 26.03, V.A.C.C.P., is part of the 1965 Code of Criminal Procedure which did not become effective until January 1, 1966. Thus such statute was not applicable at the time of the three prior convictions in 1960 and 1965. Further, its forerunner, Article 493, V.A.C.C.P., 1925, very similar in wording, was found in the chapter on arraignment and the first statute in said chapter, Article 491, provided:

"There shall be no arraignment of a defendant except upon an indictment for a capital offense." The offenses involved were not capital offenses. So for another reason appellant's contention is without merit.

■ Appellant also contends in each case there was no written waiver of the ten days' preparation period as required by Article 26.04, V.A.C.C.P., since his counsel was appointed on the day of trial. Here again this statute, a part of the 1965 Code, was not in effect at the time of the said prior convictions. The proper statute is Article 494, V.A.C.C.P., 1925, as amended, in effect at the time. While we find no waiver in the record, it has been held that the absence of a waiver may not be collaterally attacked by habeas corpus application unless there is a showing of harm or a request for additional time to prepare for trial. *Ex parte Meadows*, 418 S.W.2d 666 (Tex.Cr.App. 1967); *Sutton v. State*, 519 S.W.2d 422 (Tex.Cr.App.1975). No harm or request for time has been shown in any of the cases.

■ Petitioner contends that no evidence was offered to support the guilty pleas as required by Article 1.15, V.A.C.C.P. Here again the proper statute is Article 12, V.A.C.C.P., 1925, in effect at the time. The judgments recite evidence that was heard, and there is a presumption of regularity. This presumption was not overcome. No transcriptions of the court reporter's notes are in the record before us. Petitioner also claims there was no written judicial confession and that he did not waive the appearance, confrontation or cross-examination of the witnesses against him. While it is quite common today to use a written judicial confession in supplying evidence to support a guilty plea, the same is not essential now or at the time of the prior convictions. Further, the waiver of the right of appearance, confrontation or cross-examination of the witnesses against him is only necessary where the testimony of the witnesses is to be stipulated and the witnesses do not testify. Formerly it was quite common for the witnesses to testify at felony guilty pleas as in a jury trial on a plea of not guilty. There is nothing to show that this did not

occur, or that the petitioner did not take the stand and make a judicial confession which standing alone would be sufficient to support a guilty plea.

Petitioner makes further allegation that in none of the three cases was there a written waiver of the ten days' time for filing of a motion for new trial or in arrest of judgment. Here again the petitioner cites the current statutes rather than their forerunners in effect at the time. In *Housewright v. State*, 573 S.W.2d 233 (Tex. Cr.App.1978), this court held that this right may be waived orally and it will be presumed that the right was orally waived in absence of a transcription of the court reporter's notes or other evidence showing otherwise and that sentence was timely pronounced.

As to the effective assistance of counsel claim, the record shows that on June 9, 1960 George West was appointed to represent the petitioner in Cause Nos. 15,459 and 15,-474. On the same date the judgments reflect the petitioner appeared with counsel and entered guilty pleas before the court. Sentences were imposed on the same date. No appeals were taken.

The record shows that at the time of the burglary conviction in 1965 Belvin Harris was appointed to represent the petitioner on the day of the guilty plea. The judgment reflects petitioner appeared on the same day with Harris as counsel and entered a guilty plea before the court. Sentence was imposed on the same date. No notice of appeal was given.

In his allegations petitioner contended that his representation in all three cases was "pro forma," that his appointed counsel did not consult with him, etc., and that in the two 1960 cases West had been appointed to five other cases on the same date and could not give him adequate attention.

Petitioner testified at the evidentiary hearing that on June 9, 1960 West did not consult with him, was not with him at the time of his pleas, and that after almost 20 years he has yet to meet West. In Cause No. 15,956 in 1965 he related Harris never

met with him and he didn't know who Harris was. He could not remember whether an attorney was present with him at the time of his guilty plea, but testified the trial judge never admonished him as to the consequences of his plea.

Attorney Harris testified he had no independent recollection of the case, but he had never been appointed on the spot to "stand in" with a defendant for a guilty plea, nor had he ever represented a defendant without fully discussing with him the facts of the case, the law applicable to it and the trial rights that the defendant had. He stated that at the time of the petitioner's 1965 plea it was customary for the defendant in a guilty plea to take the stand and testify as to his guilt rather than enter written stipulations of evidence.

Judge W. C. Boyd of the 16th District Court, whom the record shows presided at the 1965 trial, stated he had no specific recollection of the guilty plea in question. He recognized his signatures on the order appointing Harris, the judgment and sentence. He stated he never accepted a guilty plea without counsel being present and assisting the defendant, and stated he never failed to give the admonishments required by law to a defendant pleading guilty.

Following the evidentiary hearing, the trial court concluded that the petitioner had effective assistance of counsel in Cause No. 15,956 (burglary—1965), but had only "pro forma" representation in the two 1960 cases. This latter conclusion is not supported by the record. Petitioner alleged "pro forma" representation but did not testify as to facts supporting the same, but claimed no counsel at all. This was refuted by the record evidence. There is a presumption of regularity, and petitioner's testimony alone is insufficient to overrule the presumption of regularity afforded the judgment, etc., which recites petitioner did have counsel. *Maddox v. State*, 591 S.W.2d 898, 903 (Tex.Cr.App.1979), and cases cited therein. Not being bound by the trial court's conclusion as to the 1960 cases, *Ex parte Harris*, 593 S.W.2d 330 (Tex.Cr.App. 1979), we find no merit to petitioner's claim as to ineffective assistance of counsel.

Relief is granted in Cause No. 15,459 to the extent the sentence is ordered vacated and the cause remanded for assessment of punishment within the range for assault with intent to murder without malice under Article 1160, V.A.P.C., as existed in 1960 at the time of the offense.

It is so ordered.

ROBERTS, J., dissents.