**Ex parte Barry WILLIAMS, Applicant.**

No. 70099.

Court of Criminal Appeals of Texas, En Banc.

June 22, 1988.

Barry Williams, pro se.

Bill Turner, Dist. Atty., and Laurie A. Hubbell, Asst. Dist. Atty., Bryan, Robert Huttash, State's Atty. and Alfred Walker, First Asst., State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

CLINTON, Judge.

This is a post conviction habeas corpus proceeding pursuant to Article 11.07, V.A. C.C.P.

The nub of contention is whether counsel was ineffective at the punishment phase of trial for his failure to discern and contest validity of a prior conviction alleged for enhancement. The underlying problem is that punishment ultimately assessed for the offense is three years whereas the minimum punishment prescribed is five years.

On original submission in an unpublished opinion, 749 S.W.2d 91, we granted relief conformably with Article 44.29(b) V.A.C. C.P. See *Ex parte Klasing*, 738 S.W.2d 648 (Tex.Cr.App.1987). Because the State stoutly assailed our opinion in its motion for rehearing, we granted the motion, and the cause has again been submitted without oral argument. Tex.R.App.Pro.Rule 230(a), (c) and (e). After reviewing the somewhat tortuous course of previous proceedings in this litigation and their effects, we will deny relief.

In 1979 applicant was convicted for the offense of burglary of a habitation in No. 12,458 in the 85th Judicial District Court of Brazos County; the court assessed punishment at ten years confinement, but suspended imposition of sentence and placed applicant on probation. However, on March 3, 1980, upon motion to revoke probation and in accordance with a written plea bargaining agreement between the parties, the court ordered probation revoked, reduced assessment of punishment to three years and imposed a sentence of confinement for a term of not less than two nor more than three years. Applicant did not take an appeal from any judgment, order or sentence in No. 12,458.

In 1983 in No. 14,273, applicant was indicted for aggravated robbery; the second paragraph duly and properly alleged that prior to commission of that offense applicant had been convicted in No. 12,458. Represented by appointed counsel, applicant was tried to a jury which found him guilty of the primary offense. Without objection from counsel that the prior judgment of conviction is invalid for imposition of sentence for a term of years less than the minimum authorized by statute, upon appropriate instructions by the trial court the jury also found allegations in the enhancement paragraph were true and assessed punishment at confinement for a term of 65 years.

Applicant appealed from that conviction. The judgment was affirmed with an unpublished opinion in *Williams v. State* (Tex. App.—Waco No. 10–83–2674–CR, delivered May 17, 1984). This Court refused his petition for discretionary review in *Williams v. State*, Cause No. 0677–84, October 24, 1984.

Subsequently, in December 1986, presumably pro se, applicant filed an application for post conviction writ of habeas corpus in the convicting court, purporting to attack judgment of conviction in both No. 14,273 (aggravated robbery) and No. 12,458 (burglary of a habitation), the latter in that it resulted in "serious collateral consequences." Expressly citing *Wilson v. State*, 677 S.W.2d 518 (Tex.Cr.App.1984),

applicant asserted that "the *sentence* in No. 12,458 was void ... and was thus unavailable for use to enhance Cause No. 14,273."[1] For its part, the State urged that applicant is "precluded from attacking his conviction [on the primary offense] by failing to object to the introduction of the judgment and sentence at the time of trial," relying on *Hill v. State*, 633 S.W.2d 520 (Tex.Cr.App.1982).

After the matter reached here as our Cause No. 69.801, in an unpublished opinion delivered April 15, 1987, this Court ruled in favor of applicant and State, respectively. Thus the Court concluded that applicant was entitled to relief with respect to No. 12,458, *viz*:

"We find that applicant is correct as to his burglary conviction. Burglary of a habitation is a first degree felony, with the minimum punishment being five years in the Texas Department of Corrections. Assessment of less than this minimum *renders that conviction a nullity*. *Wilson v. State*, 677 S.W.2d 518 (Tex.Cr.App.1984). Accordingly, the revocation order in Cause Number 12,458 in the 85th Judicial District Court of Brazos County is set aside, and the applicant remanded for reassessment of punishment in that cause."

But as to No. 14,273, the Court ruled:

"However, applicant did not object to the enhancement on this basis, and therefore waived any error in the use of the *invalid prior conviction* to enhance punishment in his aggravated robbery conviction. *Hill v. State*, 633 S.W.2d 520 (Tex.Cr.App.1982). All relief as to the aggravated robbery conviction is denied."

Following the mandate of this Court, on May 19, 1987, the judge of the convicting court convened a hearing for reassessment of punishment in No. 12,458, and sentenced appellant to confinement for five years.

The instant application was filed June 17, 1987, and is our Cause No. 70,099. Applicant challenged his conviction for aggrava-

ted robbery in No. 14,273 on grounds that his appointed attorney in that cause was ineffective for failing to investigate the prior conviction, failing to determine it was a nullity and failing to object on that basis during the punishment phase of trial. The State responded that applicant cannot sustain his claim because the alleged failings were "isolated" and, therefore, do not meet the tests under *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 2064–65, 80 L.Ed.2d 674 (1984).

We ordered an evidentiary hearing to permit applicant to develop more fully the facts of the matter. Among other developments, former counsel testified he did examine the pen packet and "know[s] now that three year sentence that he received was an illegal sentence, and I did not catch that." Indeed, the prosecutor, counsel and applicant entered into and executed a written stipulation that recited, *inter alia*, the facts pertaining to proceedings in No. 12,-458, including that applicant "was sentenced to three (3) years in the Texas Department of Corrections;" counsel conceded that "neither of us picked it up [that it was a void sentence]."

In our opinion on original submission the Court noted that in its April 15, 1987 opinion in Cause No. 69,801, discussed *ante*, the prior conviction was held "void because applicant had been assessed punishment below the minimum range possible." Accordingly, the Court found:

"Applicant has met the two-part test of *Strickland v. Washington*, [supra], and shown that counsel's performance was deficient in not objecting to the use of a prior conviction whose defect was evident from the face of the order revoking probation for that prior conviction; and that such failure to object, which could have prevented use of that prior conviction to enhance, prejudiced applicant in terms of the possible punishment to which he was subject. Cf. *Ex parte Pool*, 738 S.W.2d 285 (Tex.Cr.App.1987)."

---

1. All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

The State presents three grounds for rehearing, *viz*:

> the Court erred in holding the prior burglary conviction void;

> the Court erred in holding the prior burglary conviction not available for enhancement and therefore subject to proper objection; and

> the Court erred in holding counsel was ineffective "because of the 'defect [which] was evident from the face of the order revoking probation....'"

We believe review of the first two grounds is precluded by "the law of the case" doctrine. See generally 6 Tex.Jur.3d 378, Appellate Review § 901 (1980). The identical issues raised by the State in this cause were previously resolved in our April 15, 1987 opinion in Cause No. 69,801; that is, assessment of less than the minimum punishment prescribed by statute renders the burglary of a habitation conviction null and void. For purposes of applying the doctrine to those issues "logic and reason dictate that [both proceedings] be viewed as the same case." *Ware v. State*, 736 S.W.2d 700 (Tex.Cr.App.1987); see *Granviel v. State*, 723 S.W.2d 141, 147 (Tex.Cr. App.1986) and *Calvin v. State*, 689 S.W.2d 460, 462-463 (Tex.Cr.App.1985).

Furthermore, once as a consequence of the order in Cause No. 69,801 the convicting court reassessed punishment, the doctrine of res judicata bars relitigation of those issues. 48 Tex.Jur.3d 398, *Judgments* § 351.[2]

The issue of effective assistance of counsel must be addressed, however. On original submission we judged effectiveness by the "two-part test of *Strickland v. Washington*." See *ante*, at 697. Although the State does not challenge applicability of that test, we observe that in *Ex parte Cruz*, 739 S.W.2d 53 (Tex.Cr.App.1987), because the Supreme Court itself had excluded "ordinary sentencing" from the ambit of *Strickland v. Washington*, supra, a majority resorted to the standard retained in *Ex parte Duffy*, 607 S.W.2d 507 (Tex.Cr.App.

1980). *Cruz*, supra, at 57-58. That is, "counsel reasonably likely to render and rendering reasonably effective assistance," *Duffy*, at 514, n. 14, and 516, "whose services are gauged by the totality of the representation afforded," Clinton & Wice, *Assistance of Counsel in Texas*, 12 St. Mary's L.J. 1, at 8 (1980).

To be reasonably likely to render reasonably effective assistance to his client, a lawyer must be sufficiently abreast of developments in criminal law aspects implicated in the case at hand. See generally Clinton & Wice, *op cit*, supra, at 17-20. However, just as an attorney is not expected to be aware of a relevant appellate court decision appearing in an advance sheet "only a short time prior to trial," *Hernandez v. Beto*, 443 F.2d 634, 635 (CA5 1971), surely one may not be faulted for failing to anticipate such a future decision.

As noticed *ante*, the jury trial for aggravated robbery occurred in June 1983. However, *Wilson v. State*, supra, upon which applicant relies in his applications and the sole authority cited by this Court in granting relief in Cause No. 69,801, was not decided until September 26, 1984. The State Prosecuting Attorney informs us its research reveals that before *Wilson*, supra, "this Court had never said that a sentence like the one in question when used in a collateral proceeding was void on its face." Brief at 13. We do find that, except the first one, every other decision cited by the Court for its statement that an assessment of punishment less than the minimum provided by law "renders the judgment of conviction a nullity," was made on direct appeal. See *Wilson*, at 524. Thus, at the time of trial in this cause there was no recognized ground for launching a collateral attack on the prior burglary conviction. Therefore, we cannot find that counsel was ineffective for failing to mount one. See *Ex parte Chambers*, 688 S.W.2d 483 (Tex.Cr.App.1984) (Concurring Opinion, at 486).

---

2. By applying those doctrines, naturally we do not reach the question of whether *Wilson v. State*, supra, was correctly decided. That determination must wait the day when the issue is cleanly presented free and clear of encumbrances.

Applicant does not assert his appointed counsel was ineffective in any other respect. Indeed, at the evidentiary hearing counsel testified without dispute that he obtained an examining trial and cross examined the alleged victim, that he investigated the facts and examined applicable law, that he conferred with applicant and presented an alibi defense; he stipulated to the prior burglary conviction and two others because he believed it "bad trial strategy" to contest them before the jury—"if you're up front with them and admit it, then your client stands a better chance and he has more credibility in front of the jury as a general rule."

Gauging his services by the totality of representation afforded applicant, we cannot say that counsel was ineffective.

Accordingly, we now deny the relief for which applicant prays.

ONION, P.J., concurs in the result.