EX PARTE SHOE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-099-CR

EX PARTE 

THOMAS FRANKLIN SHOE

------------

FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

In 1997, appellant pro se Thomas Franklin Shoe was convicted of driving while intoxicated (DWI) on May 27, 1993, a misdemeanor, pursuant to a plea bargain agreement.  On March 2, 2002, appellant filed an application for writ of habeas corpus in the trial court pursuant to the Texas Constitution, arguing that the conviction and judgment are void because the minimum legal sentence was not imposed.  
See
 
Tex. Const
. art. V, § 16.  
The trial court denied the application, stating it “finds that the law does not support the granting of a [Post Conviction] Writ of Habeas Corpus for the reasons alleged.” 
 We reverse and remand.

Before addressing the merits of appellant’s issues, we first determine whether we have jurisdiction over this appeal.  When a trial court does not issue a writ of habeas corpus, an appeals court lacks jurisdiction to review the decision. 
 
See Ex parte Hargett
, 819 S.W.2d 866, 868 (Tex. Crim. App. 1991). 
The trial court’s order indicates, however, that the court examined the applicable law and applied it to appellant’s complaint.  Thus, it appears the trial court denied relief based on its merits, even though the trial court did not hold a hearing to determine whether a writ should be issued.  
See id. 
(“[A]ppeal can be had from a district court order denying an applicant relief on the merits of his claim.”). 

Appellant also alleged in his application that his conviction for misdemeanor DWI had collateral consequences.  To support his argument, he relied on his May 26, 1999 conviction for DWI and felony repetition.  His 1999 DWI conviction was enhanced to a third degree felony as a result of a prior out-of-state DWI conviction and the misdemeanor conviction that is the subject of this appeal.  Had the State not been able to rely on his 1997 misdemeanor conviction, it would not have been able to convict him of a third-degree felony in 1999.  
See
 
Tex. Penal Code Ann.
 § 49.09(b)(2) (Vernon 2003).  Thus, if appellant’s 1997 conviction is void as he alleges in the appeal, appellant has demonstrated collateral consequences resulting from his 1997 conviction.  
See Tatum v. State
, 846 S.W.2d 324, 327 (Tex. Crim. App. 1993) (“If a misdemeanor judgment is void, and its existence may have detrimental collateral consequences in some future proceeding, it may be collaterally attacked, whether or not a term of probation was successfully served out.”).  As a result, this court has jurisdiction to consider an appeal from the denial of relief on appellant’s application for writ of habeas corpus.

In appellant’s first and third issues, he complains that the underlying judgment is void because the sentence assessed is less than the minimum provided by law.  Specifically, appellant claims that the law in effect at the time he committed the offense required a minimum fine of $100 to be imposed, which was not.
(footnote: 2) 
 Consequently, he argues his sentence and the judgment are void and that no harm analysis needs to be conducted.  

It is axiomatic that the punishment assessed must always be within the minimum and maximum fixed by law.  
Wilson v. State
, 677 S.W.2d 518, 524 (Tex. Crim. App. 1984).  When the punishment assessed is less than the minimum provided by law, this renders the judgment of conviction a nullity. 
 Id.; see also Ex parte Seidel
, 39 S.W.3d 221, 225 n.4 (Tex. Crim. App. 2001) (“[T]his Court has long held that a sentence is void when the punishment is unauthorized.”).  The unauthorized sentence is considered fundamental error.  
See Ex parte Hill
, 528 S.W.2d 125, 126 (Tex. Crim. App. 1975); 
Williams v. State
, 71 S.W.3d 862, 864 (Tex. App.—Texarkana 2002, pet. granted); 
Harvill v. State
, 13 S.W.3d 478, 482 (Tex. App.—Corpus Christi 2000, no pet.).  A defect that renders a sentence void may be raised at any time. 
 Ex parte Beck, 
922 S.W.2d 181, 182 (Tex. Crim. App. 1996) (stating even where “[n]o [direct] appeal was taken from [the] conviction,” habeas corpus relief is available to correct illegal sentences); 
Heath v. State
, 817 S.W.2d 335, 336 (Tex. Crim. App. 1991), 
overruled on other grounds
 
by Ex parte Williams
, 65 S.W.3d 656 (Tex. Crim. App. 2001); 
see also Hill
, 528 S.W.2d at 126 (holding where a void sentence is attacked on habeas corpus, appeals court has the power to remand for new punishment).  
Thus, appellant may raise his complaint on the legality of the sentence.
  
See Williams
, 65 S.W.3d at 657 (distinguishing between illegal sentences and “unauthorized” grants of probation and holding that rule allowing defendant to raise illegal sentence at any time does not apply to unauthorized probation order because probation “‘is not a sentence or even part of a sentence’” (quoting 
Speth v. State
, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1088 (2000))).  Accordingly, because the sentence assessed in this case falls below the minimum required, it is null and void. 
 See Thompson v. State
, 626 S.W.2d 750, 752 (Tex. Crim. App. 1981) (holding judgment invalid where trial court failed to assess a fine within statutory range); 
Bradshaw v. State
, 331 S.W.2d 52, 52 (Tex. Crim. App. 1959) (reversing punishment as being less than minimum provided by law because no fine was assessed).  The question now becomes whether appellant must show harm or that he would have pleaded differently had the proper sentence been assessed. 

In 
Ex parte Tovar
, the Texas Court of Criminal Appeals stated that an application for petition for writ of habeas corpus “must allege facts which show both a cognizable irregularity and harm, and the applicant must prove the same if given an evidentiary hearing.”  901 S.W.2d 484, 486 (Tex. Crim. App. 1995).  The court was faced with a constitutional violation in 
Tovar
.  
Id.
 at 485 (stating applicant contends conviction is invalid because trial court failed to properly admonish him before he pleaded guilty, violating constitutional due process rights).  The court of criminal appeals, however, has not conducted a harm analysis in the habeas context when the judgment has been held to be null and void.  
See Beck
, 922 S.W.2d at 182 (reversing sentence outside maximum range as unlawful without conducting harm analysis); 
Ex parte Williams
, 753 S.W.2d 695, 697 (Tex. Crim. App. 1988) (discussing previous unpublished decision of court in which it held burglary conviction a “nullity” because punishment assessed fell below minimum required; no harm analysis conducted);
 Hill
, 528 S.W.2d at 126-27 (holding sentence void where range of punishment assessed was greater than that permitted by statute; no harm analysis conducted); 
see also Ex parte Barber
, 879 S.W.2d 889, 893 (Tex. Crim. App. 1994) (Myers, J., concurring) (“Under Texas law, applications for the writ are not cognizable when they attack final criminal convictions unless they complain of defects which render those convictions void.  In this event, we do not apply any harmless error rule at all.”), 
cert. denied
, 513 U.S. 1084 (1995).  Consequently, no harm analysis needs to be conducted here.

While the State is technically correct that the trial court violated the statute setting the punishment range for the offense by assessing an incorrect punishment, the result of such action, an illegal sentence, is what is being challenged here and not the statutory violation.  The court of criminal appeals has made clear that such a void sentence is reviewable in habeas corpus proceedings.  
See
 
Beck
, 922 S.W.2d at 182;
 Williams
, 753 S.W.2d at 697;
 Hill
, 528 S.W.2d at 126-27.
(footnote: 3) 

Because the sentence in this case is illegal, null, and void, a fundamental error occurred.  The court of criminal appeals has held that where the record reflects a plea bargain agreement was made for an illegal sentence, then the appropriate remedy is to return the parties to their respective positions before the plea.  
Beck
, 922 S.W.2d at 182; 
Ex parte Sims
, 868 S.W.2d 803, 804 (Tex. Crim. App. 1993), 
overruled on other grounds
 
by Ex parte McJunkins
, 954 S.W.2d 39 (Tex. Crim. App. 1997).  In return for appellant’s plea in this case, the State and appellant agreed to a sentence recommendation of court costs, forty days in jail, and a one-year driver’s license suspension.  Appellant did not agree to a fine in return for his plea.  Consequently, appellant and the State bargained for an illegal sentence, and the appropriate remedy is to return the parties to the positions they occupied before the plea agreement.  
See Beck
, 922 S.W.2d at 182.  We sustain appellant’s first and third issues.
(footnote: 4)   

Having sustained issues one and three, we reverse the trial court’s judgment and remand the case to the trial court.  

PER CURIAM

PANEL F: DAY, LIVINGSTON, and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

[DELIVERED: FEBRUARY 20, 2003]

FOOTNOTES
1:
See
 
Tex. R. App. P. 
47.4.

2:
See
 
Tex. Rev. Civ. Stat. Ann.
 art. 6701
l
-1,
 
Act of May 27, 1983, 68
th
 Leg., R.S., ch. 303, § 3, 1983 Tex. Gen. Laws 1568, 1574-77, 
repealed by
 Act of May 29, 1993, 73
rd
 Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704 (current version at 
Tex. Penal Code Ann
. § 49.01 (Vernon Supp. 2003)); 
see also
 Act of May 29, 1993, 73
rd
 Leg., R.S., ch. 900, § 1.18(a), (b), 1993 Tex. Gen. Laws 3705 (stating change in law only applies to an offense “committed on or after the effective date of this article. . . .  An offense committed before the effective date of this article is covered by the law in effect when the offense was committed.”). 

3:
Even authority relied upon by the State supports this conclusion.  
See Ex parte Graves
, 70 S.W.3d 103, 109 (Tex. Crim. App. 2002) (stating Texas and federal courts have confined the scope of post-conviction writs of habeas corpus to jurisdiction or 
fundamental defects
 and constitutional claims); 
cf. Ex parte McCain
, 67 S.W.3d 204, 209 (Tex. Crim. App. 2002) (“Procedural errors or statutory violations may be reversible error on direct appeal, but they are not 
‘fundamental’ 
or ‘constitutional’ errors
 which require relief on a writ of habeas corpus
.”) (Emphases added).

4:
In light of our ruling on issues one and three, we need not address issues two and four.  
See
 
Tex. R. App. P.
 47.1.