COURT OF
APPEALS
SECOND
DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-099-CR
EX PARTE

THOMAS FRANKLIN SHOE
------------
FROM COUNTY CRIMINAL COURT NO. 4 OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
In 1997, appellant pro se Thomas Franklin
Shoe was convicted of driving while intoxicated (DWI) on May 27, 1993, a
misdemeanor, pursuant to a plea bargain agreement. On March 2, 2002, appellant
filed an application for writ of habeas corpus in the trial court pursuant to
the Texas Constitution, arguing that the conviction and judgment are void
because the minimum legal sentence was not imposed. See Tex. Const.
art. V, § 16. The trial court denied the application, stating it "finds
that the law does not support the granting of a [Post Conviction] Writ of Habeas
Corpus for the reasons alleged." We reverse and remand.
Before addressing the merits of
appellant's issues, we first determine whether we have jurisdiction over this
appeal. When a trial court does not issue a writ of habeas corpus, an appeals
court lacks jurisdiction to review the decision. See Ex parte Hargett,
819 S.W.2d 866, 868 (Tex. Crim. App. 1991). The trial court's order indicates,
however, that the court examined the applicable law and applied it to
appellant's complaint. Thus, it appears the trial court denied relief based on
its merits, even though the trial court did not hold a hearing to determine
whether a writ should be issued. See id. ("[A]ppeal can be had
from a district court order denying an applicant relief on the merits of his
claim.").
Appellant also alleged in his application
that his conviction for misdemeanor DWI had collateral consequences. To support
his argument, he relied on his May 26, 1999 conviction for DWI and felony
repetition. His 1999 DWI conviction was enhanced to a third degree felony as a
result of a prior out-of-state DWI conviction and the misdemeanor conviction
that is the subject of this appeal. Had the State not been able to rely on his
1997 misdemeanor conviction, it would not have been able to convict him of a
third-degree felony in 1999. See Tex. Penal Code Ann. § 49.09(b)(2)
(Vernon 2003). Thus, if appellant's 1997 conviction is void as he alleges in the
appeal, appellant has demonstrated collateral consequences resulting from his
1997 conviction. See Tatum v. State, 846 S.W.2d 324, 327 (Tex. Crim.
App. 1993) ("If a misdemeanor judgment is void, and its existence may have
detrimental collateral consequences in some future proceeding, it may be
collaterally attacked, whether or not a term of probation was successfully
served out."). As a result, this court has jurisdiction to consider an
appeal from the denial of relief on appellant's application for writ of habeas
corpus.
In appellant's first and third issues, he
complains that the underlying judgment is void because the sentence assessed is
less than the minimum provided by law. Specifically, appellant claims that the
law in effect at the time he committed the offense required a minimum fine of
$100 to be imposed, which was not.(2)
Consequently, he argues his sentence and the judgment are void and that no harm
analysis needs to be conducted.
It is axiomatic that the punishment
assessed must always be within the minimum and maximum fixed by law. Wilson
v. State, 677 S.W.2d 518, 524 (Tex. Crim. App. 1984). When the punishment
assessed is less than the minimum provided by law, this renders the judgment of
conviction a nullity. Id.; see also Ex parte Seidel, 39 S.W.3d 221, 225
n.4 (Tex. Crim. App. 2001) ("[T]his Court has long held that a sentence is
void when the punishment is unauthorized."). The unauthorized sentence is
considered fundamental error. See Ex parte Hill, 528 S.W.2d 125, 126
(Tex. Crim. App. 1975); Williams v. State, 71 S.W.3d 862, 864 (Tex.
App.--Texarkana 2002, pet. granted); Harvill v. State, 13 S.W.3d 478,
482 (Tex. App.--Corpus Christi 2000, no pet.). A defect that renders a sentence
void may be raised at any time. Ex parte Beck, 922 S.W.2d 181, 182
(Tex. Crim. App. 1996) (stating even where "[n]o [direct] appeal was taken
from [the] conviction," habeas corpus relief is available to correct
illegal sentences); Heath v. State, 817 S.W.2d 335, 336 (Tex. Crim.
App. 1991), overruled on other grounds by Ex parte Williams,
65 S.W.3d 656 (Tex. Crim. App. 2001); see also Hill, 528 S.W.2d at 126
(holding where a void sentence is attacked on habeas corpus, appeals court has
the power to remand for new punishment). Thus, appellant may raise his complaint
on the legality of the sentence. See Williams, 65 S.W.3d at 657
(distinguishing between illegal sentences and "unauthorized" grants of
probation and holding that rule allowing defendant to raise illegal sentence at
any time does not apply to unauthorized probation order because probation
"'is not a sentence or even part of a sentence'" (quoting Speth v.
State, 6 S.W.3d 530, 532 (Tex. Crim. App. 1999), cert. denied, 529
U.S. 1088 (2000))). Accordingly, because the sentence assessed in this case
falls below the minimum required, it is null and void. See Thompson v. State,
626 S.W.2d 750, 752 (Tex. Crim. App. 1981) (holding judgment invalid where trial
court failed to assess a fine within statutory range); Bradshaw v. State,
331 S.W.2d 52, 52 (Tex. Crim. App. 1959) (reversing punishment as being less
than minimum provided by law because no fine was assessed). The question now
becomes whether appellant must show harm or that he would have pleaded
differently had the proper sentence been assessed.
In Ex parte Tovar, the Texas
Court of Criminal Appeals stated that an application for petition for writ of
habeas corpus "must allege facts which show both a cognizable irregularity
and harm, and the applicant must prove the same if given an evidentiary
hearing." 901 S.W.2d 484, 486 (Tex. Crim. App. 1995). The court was faced
with a constitutional violation in Tovar. Id. at 485 (stating
applicant contends conviction is invalid because trial court failed to properly
admonish him before he pleaded guilty, violating constitutional due process
rights). The court of criminal appeals, however, has not conducted a harm
analysis in the habeas context when the judgment has been held to be null and
void. See Beck, 922 S.W.2d at 182 (reversing sentence outside maximum
range as unlawful without conducting harm analysis); Ex parte Williams,
753 S.W.2d 695, 697 (Tex. Crim. App. 1988) (discussing previous unpublished
decision of court in which it held burglary conviction a "nullity"
because punishment assessed fell below minimum required; no harm analysis
conducted); Hill, 528 S.W.2d at 126-27 (holding sentence void where
range of punishment assessed was greater than that permitted by statute; no harm
analysis conducted); see also Ex parte Barber, 879 S.W.2d 889, 893
(Tex. Crim. App. 1994) (Myers, J., concurring) ("Under Texas law,
applications for the writ are not cognizable when they attack final criminal
convictions unless they complain of defects which render those convictions void.
In this event, we do not apply any harmless error rule at all."), cert.
denied, 513 U.S. 1084 (1995). Consequently, no harm analysis needs to be
conducted here.
While the State is technically correct
that the trial court violated the statute setting the punishment range for the
offense by assessing an incorrect punishment, the result of such action, an
illegal sentence, is what is being challenged here and not the statutory
violation. The court of criminal appeals has made clear that such a void
sentence is reviewable in habeas corpus proceedings. See Beck,
922 S.W.2d at 182; Williams, 753 S.W.2d at 697; Hill, 528
S.W.2d at 126-27.(3)
Because the sentence in this case is
illegal, null, and void, a fundamental error occurred. The court of criminal
appeals has held that where the record reflects a plea bargain agreement was
made for an illegal sentence, then the appropriate remedy is to return the
parties to their respective positions before the plea. Beck, 922 S.W.2d
at 182; Ex parte Sims, 868 S.W.2d 803, 804 (Tex. Crim. App. 1993), overruled
on other grounds by Ex parte McJunkins, 954 S.W.2d 39 (Tex. Crim.
App. 1997). In return for appellant's plea in this case, the State and appellant
agreed to a sentence recommendation of court costs, forty days in jail, and a
one-year driver's license suspension. Appellant did not agree to a fine in
return for his plea. Consequently, appellant and the State bargained for an
illegal sentence, and the appropriate remedy is to return the parties to the
positions they occupied before the plea agreement. See Beck, 922 S.W.2d
at 182. We sustain appellant's first and third issues.(4)
Having sustained issues one and three, we
reverse the trial court's judgment and remand the case to the trial court.

  
                                                                    PER
CURIAM
  
                                                                    
PANEL F: DAY, LIVINGSTON, and DAUPHINOT,
JJ.
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
[DELIVERED: FEBRUARY 20, 2003]

1. See Tex. R. App. P. 47.4.
2. See Tex. Rev. Civ. Stat. Ann. art. 6701l-1,
Act of May 27, 1983, 68th Leg., R.S., ch. 303, § 3, 1983 Tex. Gen.
Laws 1568, 1574-77, repealed by Act of May 29, 1993, 73rd
Leg., R.S., ch. 900, § 1.15, 1993 Tex. Gen. Laws 3586, 3704 (current version at
Tex. Penal Code Ann. § 49.01 (Vernon Supp. 2003)); see also Act of May
29, 1993, 73rd Leg., R.S., ch. 900, § 1.18(a), (b), 1993 Tex. Gen.
Laws 3705 (stating change in law only applies to an offense "committed on
or after the effective date of this article. . . . An offense committed before
the effective date of this article is covered by the law in effect when the
offense was committed.").
3. Even authority relied upon by the State supports this
conclusion. See Ex parte Graves, 70 S.W.3d 103, 109 (Tex. Crim. App.
2002) (stating Texas and federal courts have confined the scope of
post-conviction writs of habeas corpus to jurisdiction or fundamental
defects and constitutional claims); cf. Ex parte McCain, 67 S.W.3d
204, 209 (Tex. Crim. App. 2002) ("Procedural errors or statutory violations
may be reversible error on direct appeal, but they are not 'fundamental' or
'constitutional' errors which require relief on a writ of habeas corpus.")
(Emphases added).
4. In light of our ruling on issues one and three, we need
not address issues two and four. See Tex. R. App. P. 47.1.