**Ex parte Millard Eugene CHILDRESS.**

**No. 66004.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 29, 1980.

## OPINION

CLINTON, Judge.

Petitioner applies for the issuance of a post conviction writ of habeas corpus, invoking the subject matter jurisdiction of this Court which is prescribed by Article 11.07, V.A.C.C.P.

The record reflects that petitioner was convicted of aggravated assault in Cause No. 1532 on August 29, 1977, in Stonewall County; pursuant to the trial court's findings that the allegations contained in two of three paragraphs alleged for enhancement were true,[1] petitioner's sentence was assessed at life confinement. See V.T.C.A. Penal Code, § 12.42(d).

■ Petitioner now claims that one of the convictions alleged and relied upon for

punishing him as an habitual offender is void because the indictment underlying it fails to allege an offense, and thus is fundamentally defective. We agree.

The first conviction[2] relied upon for enhancement was obtained upon an indictment which recited:

"... Millard Eugene Childress, on or about the 27th day of October, A.D. 1974,... did then and there with intent to deprive the owner, DeWayne Lee of property, namely a pickup truck, did unlawfully exercise control over and obtain such property which had the value of more than $200.00, but less than $10,-000.00; ...."

As urged by petitioner, the indictment recited above is fundamentally defective because it fails to allege that the property was taken without the effective consent of the owner. V.T.C.A. Penal Code, § 31.03(b)(1); *Thomas v. State*, 589 S.W.2d 129 (Tex.Cr. App.1979); *Reynolds v. State*, 547 S.W.2d 590 (Tex.Cr.App.1976).

■ An indictment which is fundamentally defective is subject to collateral attack. *Thomas v. State*, supra; *Ex parte McCurdy*, 571 S.W.2d 31 (Tex.Cr.App.1978).

Because the judgment in Cause No. 1532 clearly reflects that on conviction of the primary offense, appellant's punishment was assessed by the trial court,[3] the cause is remanded to that court for reassessment of punishment within the appropriate range. See § 12.42, supra; *Ex parte Hill*, 528 S.W.2d 125 (Tex.Cr.App.1975).

It is so ordered.

■

---

1. The judgment in the primary cause reflects facially that petitioner did not elect to have the jury consider the issues involved at punishment. This judgment is regular on its face.

2. Cause No. 2332 obtained in Fisher County on December 27, 1974.

3. Appellant also claims in this petition, that he was denied an election to have the jury consider the issues involved at punishment after he was found guilty of the primary offense in Cause No. 1532. This claim, however, is not substantiated by the record before us. See n. 1, *ante*.