---

Jim Mattox, Atty. Gen., J.D. (David) Hooper, Asst. Atty. Gen., Austin, Tex., for respondent-appellant.

William J. Dyer (Court-appointed), Houston, Tex., for petitioner-appellee.

**Glenn Earl MARTIN, Petitioner-Appellee,**

v.

**The STATE OF TEXAS, Respondent-Appellant.**

No. 83–2537.

United States Court of Appeals, Fifth Circuit.

July 18, 1984.

Before GARZA, GARWOOD, and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Appellee Glenn Earl Martin was found guilty of capital murder in 1977 for killing John C. Denson during the course of a robbery. His punishment was assessed as life imprisonment since the jury failed to find the aggravating circumstances required for imposition of the death penalty.

Martin was represented at the trial and the sentencing hearing by retained counsel.

At the sentencing hearing on July 15, 1977, Martin's counsel informed the court that he had discussed an appeal with appellee but that Martin did not desire to appeal. The trial court did not, at any time, inform Martin of his right to appeal with appointed counsel if he was indigent. No timely notice of appeal was filed. Less than two weeks later, however, after Martin's arrival at the Texas Department of Corrections Diagnostic Unit, appellee filed a *pro se* motion for leave to file an out-of-time notice of appeal. This motion, which was postmarked one day and docketed four days beyond the ten day limit provided under Texas rules, was denied.

After exhausting his state habeas corpus remedies, Martin filed this habeas corpus action in the federal district court, alleging that neither his trial attorney nor the trial judge had apprised him of his right to appeal with appointed counsel if he was indigent. Martin argued that the failure of his attorney to inform him of this right amounted to ineffective assistance of counsel. He further argued that the trial judge's failure to inform him in this regard was a violation of the sixth and fourteenth amendments. The district court denied Martin's petition.

On appeal of that order we held that Martin's allegations stated a claim of ineffective assistance of counsel; we therefore reversed and remanded to the district court for an evidentiary hearing to permit Martin an opportunity to prove his allegations. *See Martin v. Texas*, 694 F.2d 423 (5th Cir.1982). We instructed the district court that if Martin was unable to carry his burden of proving ineffective assistance of counsel, the court should then consider his constitutional claim regarding the trial court's failure to fully advise him of his rights of appeal. *Id.*

On remand, following the evidentiary hearing, the district court granted Martin an out-of-time appeal. The court made no finding on the issue of whether trial counsel had advised Martin of his right to appointed counsel on appeal. Instead, the court opined that because appellee did not

indicate to his retained counsel that he wanted to appeal after counsel advised him against doing so, any duty his attorney had to advise him of his right to appeal free of cost was extinguished. The court held, however, that *Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980), required the trial judge to advise Martin of his right to appeal free of cost if indigent. The court further held that the trial judge's failure to so advise a defendant could never be harmless error. Martin was therefore granted an out-of-time appeal.

We affirm the granting of an out-of-time appeal, but on different grounds.

Our review of the record of the evidentiary hearing had on remand indicates that Martin was not advised by either his retained counsel or the trial judge that if he was indigent he could appeal with appointed counsel. The only witnesses that testified at the hearing were Christine Mathews (Martin's mother), Ray Reeves (Martin's trial counsel), and Martin. Ms. Mathews testified that attorney Reeves did not discuss with her Martin's right to appeal free of cost, nor did he discuss the same with Martin in her presence. Reeves testified that he considered an appeal dangerous because he felt the State would join in asking for a new trial in order to get a second chance at having Martin assessed the death penalty. He advised Martin not to appeal and also told him that he would not represent him on appeal since he thought he would be exposing him to the possibility of the death penalty (at the time this advice was given, this double jeopardy issue had not been resolved). He could not remember whether he specifically advised Martin that he could appeal with appointed counsel if he could not afford to pay for an attorney. Martin testified that counsel advised him not to appeal because of the possibility of receiving the death penalty upon retrial, but did not inform him that he could appeal without cost if he was indigent.

Martin's unrefuted testimony that he was not told of his right to appointed counsel on appeal is further supported by the

fact that his motion to file an out-of-time appeal came less than two weeks after he arrived at the Diagnostic Unit of the Texas Department of Corrections. Martin testified that he first learned of his right to appointed counsel on appeal after speaking to an inmate in the "writ room" at the Diagnostic Unit. Record, vol. II, at 68. Furthermore, while attorney Reeves testified that he was aware at the time that a defendant had the right to appeal with appointed counsel if indigent, he was so opposed to Martin appealing that he may not have covered that point with him. Record, vol. II, at 46.

Based on our review of all of the evidence presented at the hearing, we find that Martin was not advised of his right to appeal with appointed counsel if indigent by either his retained counsel or the trial court, and that any finding to the contrary would be clearly erroneous.

■ It is settled law in this circuit that the failure of counsel to advise a defendant of his right to appointed counsel on appeal if indigent amounts to ineffective assistance of counsel. *Martin v. Texas*, 694 F.2d 423, 425 (5th Cir.1982); *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir.1971). *See Bonds v. Wainwright*, 579 F.2d 317, 319 (5th Cir.1978) (en banc). This is true whether the defendant's attorney is retained or appointed. *See Cuyler v. Sullivan*, 446 U.S. 335, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980).

■ Finding that Martin was denied effective assistance of counsel in this regard, and that he was not informed of this right by the trial judge, we affirm the district court's granting of an out-of-time appeal.[1] We do not find it necessary to the disposition of this case to decide the issue of the trial court's duty to inform convicted defendants of the right to appeal with appointed counsel if indigent.

The order of the district court staying Martin's out-of-time appeal in the state courts pending the disposition of this appeal is dissolved.

AFFIRMED.

---

1. In so holding we do not state that counsel's failure to advise his client of the right to appeal with court-appointed counsel will always result in a finding of ineffectiveness. We hold as we do since, in this case, neither Martin's trial counsel *nor* the district court informed him of this right. Furthermore, the undisputed evidence shows that Reeves knew of Martin's indigency.