Millard Eugene CHILDRESS,
Petitioner–Appellee,
Cross–Appellant,

v.

James A. LYNAUGH, Director, Texas
Department of Corrections,
Respondent–Appellant, Cross–Appellee.

No. 87–1427.

United States Court of Appeals,
Fifth Circuit.

April 19, 1988.

---

Before CLARK, Chief Judge, and REAVLEY, Circuit Judge, and HUNTER *, District Judge.

REAVLEY, Circuit Judge:

Millard Eugene Childress, a Texas prisoner convicted of aggravated assault, applied for habeas relief under 28 U.S.C. § 2254, asserting that he received ineffective assistance of counsel at his original trial in violation of the Sixth Amendment and was denied due process in violation of the Fourteenth Amendment. The district court held that Childress received ineffective assistance of counsel and ordered a retrial. The State of Texas (the "State") appeals and Childress cross-appeals contending that he is entitled to immediate release. We hold that Childress' claims of constitutional deprivations are without merit and reverse the judgment of the district court.

### I.

In August 1977 Childress was convicted by jury of the third degree felony of aggravated assault. The indictment alleged three prior felonies for enhancement of punishment: (1) a Fisher County, Texas conviction for felony theft; (2) a Stonewall County, Texas conviction for burglary; and (3) a Hall County, Texas conviction for felony theft. In 1977, the Texas Habitual Felony Offender Statute required the imposition, upon conviction for any felony offense, of a life sentence if the defendant had been convicted of two prior felonies. Tex.Penal Code Ann. § 12.42(d) (Vernon 1974).[1] The punishment phase of the trial was before the court because Childress did not elect, as was his entitlement under Tex.Code Crim.Proc.Ann. art. 37.07 § 2(b)

Charles A. Palmer, Asst. Atty. Gen., Jim Mattox, Atty. Gen., Austin, Tex., for respondent-appellant, cross-appellee.

Millard Eugene Childress, pro se.

Judith Baumgartner (Court-appointed), Vinson & Elkins, Dallas, Tex., for petitioner-appellee, cross-appellant.

---

* District Judge of the Western District of Louisiana, sitting by designation.

1. This section provided:
   If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life.
   In 1983, § 12.42(d) was amended to permit the imposition of either a life sentence or a term of not more than 99 years or less than 25 years. Childress does not contend that the amended provision is applicable to his case.

(Vernon 1981),[2] to have the jury assess punishment.

Childress pleaded "untrue" to the three prior convictions. The State, without objection, offered evidence to prove that Childress had been convicted of the Fisher and Stonewall County felonies. The State then withdrew the Hall County conviction for enhancement purposes, but asked the court to consider it as part of Childress' prior criminal record pursuant to Tex.Code Crim. Proc.Ann. art. 37.07 § 3(a) (1981).[3] On August 30, 1977 the court found the Fisher and Stonewall County convictions to be true and imposed the mandatory life sentence. The Texas Court of Criminal Appeals affirmed the conviction in an unpublished per curiam opinion.

Childress filed a state application for writ of habeas corpus alleging that the Fisher County conviction was void because the State had not kept its plea bargain. This application was denied without written opinion by the Court of Criminal Appeals on September 19, 1979. Childress then filed a second state writ application attacking the Hall County conviction on the ground of ineffective assistance of counsel. That application was denied without writ-

ten opinion by the Court of Criminal Appeals on September 17, 1980. Childress filed a third state application in which he challenged the Fisher County conviction as fundamentally defective, asserting that it failed to allege a required element of the offense charged. The Court of Criminal Appeals agreed and remanded the case for a reassessment of punishment within the appropriate range. *Ex Parte Childress*, 606 S.W.2d 926, 927 (Tex.Crim.App.1980). Because Childress' original sentence had been imposed by the trial court, rather than by the jury, the Court of Criminal Appeals directed the trial court, in accordance with *Ex Parte Hill*, 528 S.W.2d 125 (Tex.Crim. App.1975), to reassess punishment.[4] Had the jury assessed punishment in the original trial, Childress would have been entitled on remand to a new jury trial on guilt and innocence as well as an assessment of punishment by the jury. *See Ex Parte Augusta*, 639 S.W.2d 481, 484–85 (Tex. Crim.App.1982).

On remand, the trial court, finding the remaining Stonewall County conviction to be true,[5] reassessed Childress' punishment, in accordance with Tex.Penal Code Ann. §§ 12.42(a) & 12.33,[6] at not less than two

---

2. This section provided:

   Except as provided in Article 37.071, if a finding of guilty is returned, it shall then be the responsibility of the judge to assess the punishment applicable to the offense; provided, however, that (1) in any criminal action where the jury may recommend probation and the defendant filed his sworn motion for probation before the trial began, and (2) in other cases where the defendant so elects in writing at the time he enters his plea in open court, the punishment shall be assessed by the same jury. If a finding of guilty is returned, the defendant may, with the consent of the attorney for the state, change his election of one who assesses the punishment.

3. This section provided:

   Regardless of the plea and whether the punishment be assessed by the judge or the jury, evidence may be offered by the state and the defendant as to the prior criminal record of the defendant, his general reputation and his character. The term prior criminal record means a final conviction in a court of record, or a probated or suspended sentence that has occurred prior to trial, or any final conviction material to the offense charged.

4. The *Hill* court held that "where a void sentence is attacked on habeas corpus, this Court

has the power, in those cases where the court has assessed punishment, to remand the petitioner to the trial court for the assessment of a proper punishment and sentence." 528 S.W.2d at 126.

5. Because it had not used the Hall County conviction for enhancement purposes at the original trial, the State was barred on double jeopardy grounds from using this conviction on remand for enhancement purposes. *See Cooper v. State*, 631 S.W.2d 508, 512–14 (Tex.Crim.App. 1982). Therefore, the State used only the Stonewall County conviction for enhancement, and offered the Hall County conviction as part of Childress' prior criminal record.

6. Section 12.42(a) provides that "[i]f it be shown on the trial of a third-degree felony that the defendant has been once before convicted of any felony, on conviction he shall be punished for a second-degree felony." Section 12.33 provides for punishment of a second degree felony at "not more than 20 years or less than 2 years." The court, using the Stonewall County conviction for enhancement, *see supra* note 5, assessed Childress' sentence in accordance with § 12.33.

nor more than twenty years. Childress then filed a fourth state application for writ of habeas corpus attacking this second sentencing hearing, in which he asserted that he was denied the right to consult with appointed counsel prior to the hearing, that he was not permitted to appeal the court's assessment of punishment, and that he was not permitted to offer evidence in mitigation of punishment. On April 8, 1981 the Court of Criminal Appeals, in an unpublished opinion, remanded the case for a new punishment hearing and directed the court to permit Childress to consult with his attorney prior to the hearing and to offer evidence in mitigation of punishment.

On April 29, 1981 a third punishment hearing was held in which the trial court found that the Stonewall County conviction was true and assessed punishment at not less than two nor more than nineteen years. This assessment was affirmed on appeal. After filing two more state applications for writ of habeas corpus, which were both denied, and a federal writ application which was denied for failure to exhaust state remedies, Childress filed the present application on November 5, 1986.

In this petition, Childress asserted eight grounds of error, including a Sixth Amendment claim of ineffective assistance of counsel and a Fourteenth Amendment denial of due process claim.[7] Both claims were based on Childress' original trial counsel's failure to inform him that he had a right to elect to have the jury assess punishment pursuant to Tex.Code Crim.Proc.Ann. art. 37.07 § 2(b). As a consequence of this failure, Childress asserted, not only was he denied the choice between having the judge or jury assess punishment at the original trial, but he was also deprived of the opportunity upon resentencing to have a jury assess punishment.

The district court analyzed Childress' claim under the Sixth, rather than the Fourteenth, Amendment. The court held that counsel's failure to inform Childress that he could elect to have the jury assess punishment was deficient (fell below an objective standard of reasonableness) because Childress was deprived of making an informed and conscious choice. Accordingly, the court held that the first prong of the ineffective assistance of counsel test set forth in *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed. 2d 674 (1984), was satisfied. Turning to the second prong of the *Strickland* test, which requires that a defendant show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694, 104 S.Ct. at 2068, the court reasoned that, had Childress' counsel attacked the validity of the Fisher County conviction at the original trial and informed Childress of his right to have the jury assess punishment, the State would have been left with only the Stonewall County conviction for enhancement purposes, and thus the jury would have had the discretion to assess punishment at between two and twenty years. Therefore, the court concluded, counsel's failure effectively deprived Childress of discretionary sentencing by the jury which was prejudicial given the fact that the trial court, at the third sentencing hearing, assessed punishment at one year less than the maximum.

Alternatively, the court, citing *Martin v. State of Texas*, 737 F.2d 460 (5th Cir.1984), held that it was unnecessary to show prejudice in this case and thus, based solely on the court's finding that counsel's performance (in failing to inform Childress of his option to have the jury assess punishment) fell below an objective standard of reasonableness, Childress was deprived of effective assistance of counsel in violation of the Sixth Amendment. The court ordered that, within 120 days from the entry of judgment, Childress receive a new trial on guilt and innocence as well as a reassessment of punishment.

We regard the court's determination, based on *Martin*, that Childress need not establish prejudice, as doubtful, and we

---

7. The district court's determination that the remaining claims are meritless is not presently challenged by Childress.

further conclude that Childress failed to establish that the performance of his counsel, in neglecting to inform Childress of his option to have the jury assess punishment, fell below an objective standard of reasonableness under the first prong of the *Strickland* test. Therefore, we hold that the district court's determination that Childress received ineffective assistance of counsel was improper. Finally, we hold that Childress' due process claim is meritless, and accordingly reverse the judgment of the district court.[8]

## II.

■ In *Martin* we held that "the failure of counsel to advise a defendant of his right to appointed counsel on appeal if indigent amounts to ineffective assistance of counsel." 737 F.2d at 462. A showing that the defendant had some chance of success on appeal is not a prerequisite for habeas corpus relief. *Lumpkin v. Smith*, 439 F.2d 1084, 1085 (5th Cir.1971). In *Strickland*, the Supreme Court recognized that "[i]n certain Sixth Amendment contexts, prejudice is presumed.... [because it] is so likely that case-by-case inquiry into prejudice is not worth the cost." 466 U.S. at 692, 104 S.Ct. at 2067. The district court, relying on *Martin* for the proposition that actual prejudice need not be shown (under *Strickland* ) where counsel fails to *inform* an indigent defendant of his right to appeal, held that it was unnecessary for Childress to establish prejudice because his counsel failed to *inform* him of his right to have the jury assess punishment.

■ We do not equate the likelihood of prejudice that may result from a counsel's failure to inform his indigent client of his right to representation on appeal with the likelihood of prejudice that may have resulted from counsel's failure in this case to inform Childress of his right to have the

jury assess punishment. Appellate review is "an integral part of the state trial system for finally adjudicating the guilt or innocence of a defendant," and for an appeal to be meaningful a defendant must be represented by counsel. *Wainwright v. Simpson*, 360 F.2d 307, 309 (5th Cir.1966). Prejudice resulting from the denial of a defendant's right to appeal is presumed because a criminal conviction can be attacked on numerous procedural and substantive grounds and thus, given the likelihood of prejudice, a case-by-case inquiry is not worth the cost. We doubt that this rationale applies to the prejudice that may have resulted in this case, but we need not decide the question because of our holding that the attorney's performance was not deficient in failing to put to the client a choice of whom was to assess his punishment.

■ When evaluating claims of deficient performance, *Strickland* not only instructs courts to engage a strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment," 466 U.S. at 690, 104 S.Ct. at 2066, but also requires courts "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689, 104 S.Ct. at 2065. Because the State alleged three prior felony convictions for enhancement in its indictment at the original trial, Childress faced a mandatory life sentence upon conviction, under Tex.Penal Code Ann. § 12.42(d), regardless of whether the court or the jury assessed punishment. Even if Childress' counsel had successfully attacked the validity of the Fisher County conviction for enhancement purposes, the State still could have used the Stonewall and Hall County convictions for enhancement.[9] Therefore, it would have

---

8. Our disposition of these claims makes consideration of Childress' cross-claim unnecessary.

9. The State withdrew the Hall County conviction for enhancement only after the trial court had determined that the Fisher and Stonewall County convictions were "true." The State only

offered the Hall County conviction as part of Childress' prior criminal record. *See supra* note 3 and related text. Childress does not contend that the Stonewall County conviction was invalid for enhancement, but argues, for the first time at oral argument, that the Hall County conviction would have been invalid for en-

been meaningless for counsel to inform Childress that he had a right to have the jury assess punishment because the Habitual Offender Statute mandated the imposition of a life sentence whether assessed by the jury or the court. Under these circumstances, we hold that counsel's performance did not fall below an objective standard of reasonableness.

### III.

Childress asserts that his Fourteenth Amendment right to due process was violated by the deprivation of his state created right to a jury assessment of punishment at the original trial and upon resentencing. Childress does not attack the Texas sentencing statute but reasons that the State deprived him of due process at his original trial because his trial counsel was appointed by the State and rendered ineffective assistance of counsel in failing to inform him of his right to have the jury assess punishment. Having already held that counsel did not render ineffective assistance of counsel, we hold that this claim is groundless. Childress also argues that the court's refusal of his request, upon resentencing, to have a jury assess punishment resulted in a denial of due process. Texas law, however, permits a trial court to reassess punishment on remand where the court in the original trial assessed punishment, *Hill,* 528 S.W.2d at 126, and there is no constitutional right to jury sentencing even where the sentence turns on specific findings of fact. *McMillan v. Pennsylvania,* 477 U.S. 79, 91, 106 S.Ct. 2411, 2420, 91 L.Ed.2d 67 (1986). We therefore hold that Childress has not been denied due process.

REVERSED AND WRIT DENIED.

hancement because his guilty plea therein was uncounseled. Childress' state writ application attacking the Hall County conviction on the ground of ineffective assistance of counsel was denied by the Court of Criminal Appeals, and Childress states no facts to support his present attack. Under these circumstances, we find no basis for the contention that the State could not have used the Hall County conviction for enhancement had Childress' counsel successfully challenged the Fisher County conviction.