**Ex parte Robert WATKINS.**

**No. 70188.**

Court of Criminal Appeals of Texas,
En Banc.

May 17, 1989.

Robert Watkins, pro se.

Bonnie Leggat, Dist. Atty., Marshall, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

**W.C. DAVIS, Judge.**

Applicant filed an application for a writ of habeas corpus alleging an "impossible plea bargain situation" wherein he had agreed to plead guilty to a charge of murder and forego an appeal in the murder case as well as an unrelated cause in another county for which he had been sentenced as an habitual criminal, in return for the State's agreement to drop the capital feature of the indictment against him. Applicant alleged that, regardless of the agreement, he had been given permission to appeal by the trial court but that appointed counsel had failed to prosecute an appeal in his behalf, thereby rendering ineffective assistance of counsel in the case. Because the record did not affirmatively reflect the existence of a plea bargain agreement but did appear to support applicant's claim that he was granted permission to appeal, *see* Art. 44.02, V.A.C.C.P., we abated the application and remanded the cause to the trial court with orders for that court to hold an evidentiary hearing and make findings of fact regarding the existence and terms of an agreement, whether applicant was granted permission to appeal, and if permission was granted, why an appeal was not prosecuted, 761 S.W.2d 25.

The trial court entered an order dated January 13, 1989, requiring affidavits be filed from the applicant, defense counsel, and the district attorney. Pursuant to the order, applicant and his defense counsel filed affidavits with the court. Applicant also filed a motion for continuance, requesting additional time in which to supplement his original application with claims involving an alleged improper affirmative finding made by the trial court at the unitary plea proceeding. Although his motion was granted, the record reflects no further supplementation by applicant within the requested time period. A copy of the statement of facts of the plea hearing was also sent to the trial court for review. There is no response in the record from the district attorney's office.

After reviewing the evidence received pursuant to its order, the trial court made the following findings of fact:

(1) On June 26, 1981 the defendant entered a plea of guilty pursuant to a plea bargain agreement whereby the State would abandon counts II and III of the indictment and allow the defendant to enter a plea of the lesser included offense of Murder as opposed to Capital Murder as alleged in Count I of the indictment;

(2) That there was no recommendation made by the State as to the punishment to be assessed;

(3) That the defendant waived the ten day statutory period and requested that he be sentenced that day;

(4) That the trial court assess (sic) punishment on June 26, 1981 at life imprisonment in the Texas Department of Corrections;

(5) The trial court advised the defendant that the law, 'Allows you to appeal this to the Court of Criminal Appeals';

(6) The trial court appointed James V. Wedding to pursue any appeal if requested by the defendant;

(7) That James V. Wedding, court appointed Appellant (sic) counsel, conferred with the Appellant regarding the appeal of his case;

(8) That the Defendant was advised by his Appellant (sic) counsel of his right to Appeal;

(9) That the appointed counsel on appeal advised the defendant regarding his right to file a motion for new trial;

(10) That the Appellant was advised that in the event his conviction was reversed and remanded and received a new trial, that the District Attorney in his sole discretion could elect to proceed under any and all of the original counts of the indictment and seek the death penalty from a jury against the defendant;

(11) That the Appellant, Robert Watkins declined to exercise his right to appeal and knowingly and voluntarily waived said rights;

(12) The Appellant received effective assistance of counsel on Appeal.

(Citations to affidavit and record omitted)

■ This Court is not bound by the findings or conclusions made by the trial court, but has a duty to determine if the record developed during an Art. 11.07, supra, evidentiary hearing supports the findings of fact made by the trial court. *Ex parte Adams*, 768 S.W.2d 281, 285 (Tex.Cr.App. 1989). Generally, if the trial court's findings are supported by the record, they should be accepted by this Court. *Id.* In the instant case, it is uncontroverted that applicant pled guilty pursuant to a negotiated plea in which the State dropped the capital counts of the indictment returned

against him. Regardless whether he also agreed to forego an appeal, the trial court granted permission and appointed counsel to instruct him regarding that right. The sole question to be decided is whether applicant was denied effective assistance of counsel by attorney Wedding's failure to prosecute an appeal on applicant's behalf.

Both applicant's and counsel's affidavits are clear in stating an appeal was not prosecuted for the reason it was made known to applicant in some fashion that if he appealed, the State could have the opportunity to come back and retry him on a capital charge. Applicant terms his failure to pursue an appeal the product of counsel's telling him that the State would *withdraw the plea offer* and proceed on capital charges should he appeal. Counsel states in his affidavit that applicant requested he approach the district attorney about a bargain, was adamant to accept the bargain before "they change their minds", and was fully informed as to his appellate rights following the plea hearing. Wedding states he told appellant there were no cognizable claims for appellate review, but that if his case were reversed and remanded for new trial, the district attorney would be free to seek a capital conviction.

Applicant is not contending he ever informed appointed counsel that he wished to appeal, and for some reason counsel failed to give timely notice of appeal or further prosecute an appeal. If such were the case, as the dissent points out, applicant might be entitled to an out-of-time appeal under *Ex parte Axel*, 757 S.W.2d 369 (Tex. Cr.App.1988) and *Ward v. State*, 740 S.W. 2d 794 (Tex.Cr.App.1987). However, those cases are distinguishable for the very reason that in both cases, it was undisputed that the individual told counsel he wished to appeal, but counsel failed to pursue an appeal. *See Ex Parte Axel*, supra, [attorney "never intended" to represent applicant on appeal but failed to withdraw or otherwise notify trial court appellate counsel should be appointed]; *Ward*, supra. [Appointed counsel filed timely notice of appeal but subsequently "informed" trial court his appointment was limited to trial

only without affirmatively withdrawing from case.]

It is also uncontroverted that counsel discussed with applicant his right to appeal and right to assistance of counsel on appeal. Compare *Martin v. Texas*, 737 F.2d 460 (5th Cir.1984), a case the dissent states is factually analogous to the instant case. There, Martin's unrefuted testimony was that he was not told of his right to appointed counsel on appeal by trial counsel or the trial court. Counsel told Martin *he* would not prosecute an appeal on Martin's behalf because of the danger Martin could be prosecuted under capital charges if his conviction was reversed on appeal. The 5th Circuit affirmed the order of the district court granting an out-of-time appeal on the grounds that Martin was denied effective assistance of counsel because counsel failed to advise his client that as an indigent, he had the right to appointed counsel on appeal. The facts in the instant case, while superficially similar, are distinguishable. Here, applicant was aware appellate counsel had been appointed. He discussed with counsel his right to appeal. Counsel did not *refuse* to prosecute the appeal; he merely advised applicant of the possible consequences of a successful appeal. In doing so, counsel conscientiously pursued his duty as applicant's counselor in the law. As Judge Clinton wrote for this Court in *Ex parte Axel*, supra:

> We also hold that trial counsel, retained or appointed, has the duty, obligation and responsibility to consult with and fully to advise his client concerning meaning and effect of the judgment rendered by the court, his right to appeal from that judgment, the necessity of giving notice of appeal and taking other steps to pursue an appeal, *as well as expressing his professional judgment as to possible grounds for appeal and their merit, and delineating advantages and disadvantages of appeal. The decision to appeal belongs to the client.*

*Axel*, 757 at 374.

The record and case law clearly supports the trial court's findings. *Ex parte Adams*, supra. Applicant was entitled to the benefit of his bargain with the State, and indeed received that for which he knowingly and voluntarily bargained. While the bargain may now have paled due to applicant's presence in prison, counsel's rendition of the circumstances surrounding the proceedings reflect applicant was properly advised regarding his right to appeal as well as the attendant possibility that a successful appeal could result in more severe charges lodged against him on retrial. In reviewing the matter before us, we necessarily reject applicant's version of the circumstances. At the time that applicant *agreed* to the bargain, he was aware that he had waived any right to appeal. It was only *after* the terms of the bargain were met and each side had received the benefit of the agreement that the trial court, for whatever reason, gratuitously granted applicant a *second* opportunity to appeal the case. Applicant is in no position to now complain that he did not *enter* his plea in a voluntary and knowing fashion. Moreover, appellate counsel did not render ineffective assistance on appeal. Applicant was given a second opportunity to consider the consequences of his agreement and when faced with the possibility of retrial on a charge carrying the death penalty, again decided to waive any right to appeal after being advised of his rights as well as his chances on appeal. *See Axel*, supra. In choosing the certainty of a prison sentence over the uncertainty of retrial on capital charges, we cannot fault applicant. Neither will we reward him by approving his unsupported hindsight reflections of the proceedings made after twice rejecting his right to a direct appeal.

In two supplemental grounds not reflected in the trial court's findings of fact, applicant alleges the trial court improperly entered an affirmative finding that he used or exhibited a deadly weapon during commission of the offense. Due to the nature of the claims presented, we choose to review these supplemental allegations.

■ Applicant first complains that his plea was not knowingly and voluntarily made in that the bargain was violated when

the trial judge entered an affirmative finding in the case. The record reflects the deadly weapon finding was made after applicant was found guilty and sentenced to life imprisonment. The record does not reflect, and applicant has not proven, that the exclusion of the affirmative finding was a part of the plea agreement or that the State was ever under any obligation regarding the affirmative finding. Applicant, as a party to the agreement, has no contractual right to demand specific performance over terms not appearing in the agreement or record. *Ex parte Williams,* 758 S.W.2d 785 (Tex.Cr.App.1988).

■ In his second supplemental ground applicant alleges his due process rights were violated because he was not given notice "through the indictment or otherwise," that the State would pursue such a finding. We first note that the record is devoid of any evidence showing the State actively pursued an affirmative finding in the case. As trier of fact, the trial court was in the position to enter such a finding. Second, as to the question of notice, *see Ex parte Patterson,* 740 S.W.2d 766 (Tex.Cr. App.1987), the record reflects that applicant pled guilty to the first count of the indictment after the capital allegation was dropped. The pertinent part of the indictment reads as follows:

> (Applicant) did then and there intentionally and knowingly cause the death of an individual, Marilyn Scallish, by shooting her with a gun....

In *Ex parte Beck,* 769 S.W.2d 525 (1989), the indictment alleged that death was caused by shooting the victim "with a gun." We held that Beck was given adequate notice of the possibility of a deadly weapon finding by the averment that death had been caused by means of a weapon. In the instant case, a similar averment was made, placing applicant on notice that he was charged with causing the death of the deceased, "by shooting her with a gun." The averment was sufficient to provide notice under *Patterson,* supra. *Id.*

The application is reinstated and applicant's request for relief in all matters is denied.

TEAGUE, Judge, dissenting.

Because the majority opinion refuses to grant Robert Watkins, henceforth applicant, an out-of-time appeal, and because I find that under the record of this cause applicant is entitled to be granted an out-of-time appeal, I respectfully dissent.

The record before us makes the following clear: Applicant, who was then an indigent charged with committing the offense of capital murder, and his court appointed trial counsel entered into a plea bargain agreement with the prosecution. The terms of the agreement were that, in exchange for the State moving to reduce the offense of capital murder to the offense of murder, applicant would enter a plea of guilty to the murder charge and not appeal the trial court's judgment and sentence. Although the State was not going to make a recommendation as to punishment, it was apparently understood by all that applicant's punishment would be assessed by the trial judge at life imprisonment. The trial judge approved in all things the plea bargain agreement, *except that part of the agreement that pertained to applicant waiving his right to appeal. The trial judge expressly granted applicant permission to appeal his conviction and sentence. In fact, the trial judge appointed trial counsel to represent applicant on his appeal.* Counsel, however, never gave notice of appeal, nor did he represent applicant on any appeal. In fact, there never was an appeal. An appeal never occurred, apparently because counsel later told applicant that he, applicant, could not appeal his case because he, applicant, had waived his right to appeal as part of the plea bargain agreement, and further told applicant that not only would an appeal be futile, it could perhaps be disastrous to applicant if he was granted a new trial. Being convinced by counsel's statements that he should not appeal his conviction and sentence, applicant took no action to appeal his cause. All of the above occurred in 1981.

In 1988, obviously having been made aware of this Court's extremely liberal policy in granting inmates out-of-time appeals,

which I believe has occurred as a result of this Court's decisions of *Ex parte Axel*, 757 S.W.2d 369 (Tex.Cr.App.1988), and *Ward v. State*, 740 S.W.2d 794 (Tex.Cr.App.1987), probably not because applicant read those cases but because he had read or heard about some of this Court's per curiam opinions, like *Ex parte Rice*, 757 S.W.2d 384 (Tex.Cr.App.1988), which are usually circulated throughout the inmate population verbally rather than in printed form, applicant reached the conclusion that he, too, was entitled to be granted by this Court an out-of-time appeal. He filed the instant post-conviction application for the writ of habeas corpus in 1988 seeking an out-of-time appeal.

As far as I can tell from the record before us, the majority opinion declines to order that applicant should be granted an out-of-time appeal for several reasons, namely, (1) because *it* concludes that applicant got "a good deal" and (2) because *it* concludes that his then attorney correctly convinced him that if applicant had appealed his conviction for murder and life sentence at that time this Court might have set aside the murder conviction, which holding might have exposed him to receiving a death sentence on retrial. The majority opinion then opines, at least implicitly, that if *it* had been representing applicant, *it* could understand why applicant did not appeal his conviction and sentence: "In choosing the certainty of a prison sentence over the uncertainty of retrial on capital charges, we cannot fault applicant."

But for *Ward* and *Axel*, supra, I might understand why the majority opinion declines to grant applicant an out-of-time appeal. However, if those cases have any stare decisis validity, they control, and applicant is entitled to be granted an out-of-time appeal by this Court under those cases.

In *Ward*, this Court held that "an appointed attorney's legal responsibilities do not magically and automatically terminate at the conclusion of the trial," (796), and further held that until counsel was permitted to formally withdraw from the case by the trial court, he must remain counsel for his indigent client. In *Ex parte Axel*, this Court expanded upon what it had held in *Ward*, and held that it was the primary duty of trial counsel, and not the duty of the trial judge, to inform his client "of his right to appeal and of other appellate matters to the extent deemed appropriate in the premises." (374). In both *Ward* and *Ex parte Axel*, for reasons stated, I unsuccessfully advocated that it should be the trial judge, and not trial counsel, who should be the individual who has the burden of advising the defendant of his appellate rights. I still subscribe to that view.

I find that the facts of this cause lie somewhere between the principles a majority of this Court adopted in *Ward* and *Ex parte Axel* and the principle, albeit implicit, that the Fifth Circuit adopted in *Martin v. Texas*, 737 F.2d 460 (5th Cir.1984).

The facts in *Martin* are closely analogous to those found in this cause. There, given the law that existed at the time, trial counsel became convinced that his client's appealing his conviction for capital murder and life sentence could be a dangerous course for the defendant Martin to take, because he might receive a new trial and on retrial receive the death sentence. Counsel told the defendant Martin that because of this he was not going to give notice of appeal or represent him on any appeal, and he didn't do either one. The Fifth Circuit granted Martin an out-of-time appeal, after finding that counsel failed to advise Martin that because he was indigent he was entitled not only to the services of a court appointed counsel but to a free record as well. The Fifth Circuit made short shrift of what counsel believed might result from a successful appeal. That became totally secondary to resolving the issue.

In this instance, the trial judge appointed trial counsel to represent applicant on his appeal, but counsel never gave notice of appeal and never represented applicant in any appeal, obviously for the very same reasons that the defendant Martin's counsel gave Martin.

The majority opinion states that after trial counsel was appointed to represent

applicant on his appeal, but without any further formal courtroom proceedings taking place, counsel conferred with applicant, and after being convinced by counsel that an appeal would not only be futile but could be disastrous to applicant, applicant told counsel that he did not wish to appeal. There is nothing in this record, however, that might reflect or indicate that the trial judge at that time was ever made aware of what applicant told counsel, or what counsel told applicant. That occurred 7 years later.

If it is the intent of the majority of this Court to expressly overrule whatever it stated and held in *Ward* and *Ex parte Axel*, it should state this fact in big, bold letters, rather than let the reader conclude that this is occurring implicitly.

Believing that applicant is entitled to be granted an out-of-time appeal, pursuant to *Ward* and *Ex parte Axel*, as well as *Martin v. Texas*, my vote is to grant him an out-of-time appeal. To the majority's contrary vote, I respectfully dissent.