**UNITED STATES of America, Plaintiff,**

v.

**Robert LIBBY, Defendant.**

**No. 91–CR–50022.**

United States District Court,
E.D. Michigan, S.D.

Oct. 9, 1992.

Nancy A. Abraham, Asst. U.S. Atty., Detroit, Mich., for plaintiff.

Paul D. Borman, Federal Defender Office, Detroit, Mich., for defendant.

OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR LEAVE TO FILE OUT–OF–TIME APPEAL

ROSEN, District Judge.

This matter is presently before the Court on the Motion of Robert Libby for leave to file a late Notice of Appeal to appeal the sentence imposed upon him by this Court following entry of his plea of guilty to receipt of stolen firearms.

Libby was sentenced on February 26, 1992 to 27 months incarceration to be followed by three years supervised release. The Judgment setting forth Libby's sentence was entered by the Court on March 9, 1992.

Fed.R.App.Pro. 4(b) sets forth the time limits for filing notices of appeal in criminal cases. That rule provides in pertinent part as follows:

> In a criminal case the notice of appeal by a defendant shall be filed in the district court *within 10 days after the entry of ... the judgment or order ap-*

*pealed from.*[1] * * * *Upon a showing of excusable neglect the district court may,* before or after the time has expired, with or without motion or notice, *extend the time for filing a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed in this subsection.*

Thus, pursuant to Rule 4(a)(b), the outer-limits of the deadline for filing a notice of appeal is 40 days from the date of entry of the judgment.

Moreover, Fed.R.App.Pro. 26(b)'s "Enlargement of Time" provisions expressly prohibit courts from extending the time limits set forth in the appellate rules for filing a notice of appeal. Rule 26(b) provides in pertinent part:

The court for good cause shown may upon motion enlarge the time provided by these rules ... *but the court may not enlarge the time for filing a notice of appeal.*

■ The time limitations for filing a notice of appeal are jurisdictional. *United States v. Wrice,* 954 F.2d 406, 408 (6th Cir.1992); *United States v. Hatfield,* 815 F.2d 1068, 1073 (6th Cir.1987). *See also United States v. Robinson,* 361 U.S. 220, 80 S.Ct. 282, 4 L.Ed.2d 259 (1960).

■ As the Sixth Circuit in *Wrice* explained, in order to satisfy the jurisdictional requirement, a notice of appeal or some "informal" document—not necessarily a motion—containing the information necessary for appeal (i.e., identity of the party taking the appeal, the specific judgment appealed from and the name of the court to which the appeal is taken) must be filed within the maximum 40–days-from-the-date-of-entry-of-judgment limitation period. 954 F.2d at 410. If a notice or such an informal document of appeal is filed within the 40 day period, then a district court may properly act on a motion filed after the time limit to extend the time for filing the appeal. *Id.*

■ As indicated above, Libby was sentenced on February 26 and the Judgment reflecting his sentence was entered by the Court on March 9, 1992. Thus, for this Court to have jurisdiction to act on Libby's instant Motion, Libby would have had to have submitted to the Court some document on or before April 20, 1992. However, the first "document" submitted by Libby in which he expressed to the Court his desire to appeal his sentence was a letter he sent to the Court on June 8, 1992—i.e., 49 days after the 40–days-after-entry-of-judgment appeal period had lapsed.

Libby, however, argues that this Court should allow him to file a late appeal of his sentence because, although he admits that the Court informed him at his sentencing hearing that he had a right to appeal his sentence, the Court did not advise him of his right as an indigent to pursue his appeal *in forma pauperis.* He contends that, in failing to advise him of his right to appeal IFP, the Court committed an error mandating that it grant him leave to file an out-of-time notice of appeal. In support of this contention, Libby relies upon *Martin v. State of Texas,* 737 F.2d 460 (5th Cir.1984).

The Court finds no merit in Libby's arguments for the following reasons.

First, Libby is mistaken in his contention that the Court was required to have advised him at his sentencing of his right to appeal *in forma pauperis.* Fed.R.Crim. Pro. 32(a)(2) sets forth the obligations of the sentencing court regarding notification of the right of the defendant to appeal. That rule explicitly states that when a sentence is imposed *following a plea of guilty* (as opposed to a sentence being imposed in a case that has gone to trial), the Court is *not* required to advise the defendant of his right to pursue his appeal *in forma pauperis;* it is only after imposing a sentence in a case *that has gone to trial* that the Court has a duty to advise the defendant of his right to apply for leave to appeal IFP.

Rule 32(a)(2) provides in pertinent part: After imposing sentence in a case which has gone to trial on a plea of not guilty, the court shall advise the defendant of

---

**1.** Rule 4(b) further provides that "[a] judgment or order is entered within the meaning of this subdivision when it is entered in the criminal docket." In this case, the Judgment setting forth Libby's sentence was entered on March 9, 1992.

the defendant's right to appeal, including any right to appeal the sentence, and of the right of a person who is unable to pay the cost of an appeal to apply for leave to appeal in forma pauperis. *There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence.*

The Court further finds that Libby's reliance on the Fifth Circuit's 1984 decision in *Martin v. State of Texas, supra,* is misplaced. Defendant states in his initial Brief that the decision of the Fifth Circuit in that case—which unlike this case was an ineffective assistance of counsel habeas corpus action arising out of a state court conviction and sentencing—stands for the proposition that "a failure of both counsel and the court to inform a defendant of his rights to appeal in forma pauperis requires the grant of an out-of-time appeal." [Defendant's initial Brief, p. 1.]

First of all, prior to issuing the ruling that was the subject of the cited opinion at 737 F.2d 460, the Fifth Circuit had ruled that Martin's case would only proceed on his claims of ineffective assistance of counsel. 737 F.2d at 461. Thus, the conduct of the sentencing court with respect to notification of IFP appeal rights was not at issue; the only issue in that case was whether Martin had been rendered ineffective assistance of counsel. In fact, the Fifth Circuit's decision in *Martin* closes with the following statement:

> It is settled law in this circuit that the failure of counsel to advise a defendant of his right to appointed counsel on appeal if indigent amounts to ineffective assistance of counsel. This is true whether the defendant's attorney is retained or appointed.

> Finding that Martin was denied ineffective assistance of counsel in this regard, and that he was not informed of

this right by the trial judge, we affirm the district court's granting of an out-of-time appeal. *We do not find it necessary to the disposition of this case to decide the issue of the trial court's duty to inform convicted defendants of the right to appeal with appointed counsel if indigent.*

737 F.2d at 462 (Footnote and citations omitted, and emphasis added.)

To the extent that the *Martin* court's ultimate decision that the defendant in that case should be allowed to file an out-of-time appeal was based in part on the failure of the trial court to advise him of his right to a court appointed attorney to pursue his appeal for him, because of the factual difference between that case and the instant matter, the Court finds *Martin* to be inapplicable. As indicated above, the defendant in *Martin* was sentenced following a full trial at which he was found guilty. In our case, there was no trial; Libby entered a plea of guilty.

As set forth above in this Opinion and Order, had Mr. Libby been sentenced *following a trial*—as was the case with the defendant in the *Martin* case—and had the Court then not advised him of his right to appeal *in forma pauperis,* the Court may well have been deemed to have erred because it would not have been in compliance with the requisites of Fed.R.Crim.Pro. 32(a)(2). But, Libby entered a plea of guilty and it was following that plea—not following a trial—that he was sentenced in February. As indicated above, Rule 32(a)(2) does not require that the sentencing court advise a defendant of his right to proceed *in forma pauperis* when he is sentenced following entry of a guilty plea. All that the court is required to do is advise him that he has the right to appeal the sentence, and there is no dispute in this case that this Court advised Mr. Libby of his right to appeal.

Thus, it is clear that the *Martin* case is readily distinguishable from the instant action, and, therefore, the Court finds it to be inapplicable.[2]

---

2. *United States v. Butler,* 938 F.2d 702 (6th Cir. 1991), which Defendant also relies upon, is also distinguishable. In that case, the issue was lack of notice of right to appeal—not, lack of notice

In sum, for all of the foregoing reasons, the Court will DENY Robert Libby's Motion for Leave to File Out-of-Time Appeal. However, it is the Court's intention that this ruling be without prejudice to Mr. Libby's right to file a Section 2255 ineffective assistance of counsel action.

## ORDER

For all of the reasons set forth in the foregoing Opinion, and the Court being otherwise fully advised in the premises,

NOW, THEREFORE, IT IS HEREBY ORDERED that Defendant Robert Libby's Motion for Leave to File Out-of-Time Appeal be, and hereby is, DENIED without prejudice to Defendant's right to file a Section 2255 ineffective assistance of counsel action.

---

of right to appeal *in forma pauperis.* The appellate court in that case vacated the district court's sentence and remanded the case for re-sentenc-

ing, instructing the district court at re-sentencing to sentence Butler "with notice to the defendant of his right to appeal." *Id.* at 704.