IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 99-60204
_____


EDGAR RAY DICKEY,

                                        Plaintiff-Appellee,

                        versus

WALTER BOOKER, Superintendent of
Mississippi State Penitentiary,

                                        Defendant-Appellant.
_____

        Appeal from the United States District Court for the
              Southern District of Mississippi, Jackson
                    USDC No. 3:95-CV-881-WS
_____
                        December 21, 2000
Before JOLLY and DAVIS, Circuit Judges, and RESTANI, Judge.[*]

PER CURIAM:[**]

        The state of Mississippi appeals from the district court's

grant of habeas under 28 U.S.C. § 2254 to Edgar Ray Dickey, a

prisoner who was not allowed an out-of-time appeal, despite the

failure of his attorney to inform him of the right to proceed in

forma pauperis.  We find that the district court properly

determined that Dickey suffered a constitutional violation and was

_____

        [*]Judge, U.S. Court of International Trade, sitting by
designation.

        [**]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

entitled to habeas relief. Because the constitutional violation only concerns Dickey's right to appeal, however, and does not immediately place his conviction in doubt, Dickey's remedy is limited to an out-of-time appeal in the Mississippi state courts, conditioned on Dickey's notification of the court of his desire to appeal.

I

Edgar Ray Dickey was indicted for murder in November of 1990 in the Circuit Court of Copiah County. After his first trial resulted in a mistrial, he was convicted of the lesser charge of manslaughter in April of 1991. On May 2, 1991, he was sentenced to a term of twenty years. According to Mississippi law, Dickey had thirty days from the date of his sentencing, or until June 1, 1991, to file a notice of appeal. Dickey did not file a timely appeal.

Dickey first attempted to file an out-of-time appeal in September 1991, but his petition was denied. After both an appeal and a habeas petition, Dickey again petitioned the Copiah Circuit Court for permission to file an out-of-time appeal in 1993. He argued that he had been denied the right to appeal because of ineffective assistance of counsel. He claimed that he had asked his attorney, William Ferguson, to appeal the conviction and was under the impression that the appeal would be perfected. The court denied Dickey's request for an out-of-time appeal after an

evidentiary hearing in which it reviewed a series of letters from Ferguson. The letters set out the amount of money requested by Ferguson to proceed with the appeal, but did not mention appealing in forma pauperis until after the period in which to file a timely appeal had run. The court found that the letters showed that Dickey was aware of the importance of filing an appeal, and that there were no grounds for an out-of-time appeal. The court also denied a request for reconsideration.

On appeal to the Mississippi Supreme Court, Dickey argued that his counsel was ineffective because his attorney had told him only of the costs of appealing, and had never told him of the option of appealing in forma pauperis. The Mississippi Supreme Court affirmed the trial court, ruling that Dickey had failed to show grounds for an out-of-time appeal. The court found that no agreement regarding an appeal had been reached between Dickey and his attorney, and thus Ferguson had not rendered ineffective assistance of counsel by failing to file a notice of appeal.

Dickey then sought federal habeas relief under 28 U.S.C. § 2254. The magistrate judge ordered an evidentiary hearing and appointed counsel for Dickey. Both parties agreed, however, that the matter could be resolved with the submission of affidavits from Dickey and Ferguson, without an additional hearing. The magistrate judge found that Dickey's counsel rendered constitutionally

3

ineffective assistance by failing to inform Dickey of his right to proceed in forma pauperis.[1]  The magistrate judge therefore recommended releasing Dickey from prison unless the state court allowed Dickey to file an out-of-time appeal and proceed in forma pauperis with appointed counsel within thirty days.

The district court adopted the magistrate judge's report on March 17, 1999.  The state filed a notice of appeal on March 23, 1999, as well as a motion to stay order pending appeal.  The motion to stay was terminated as moot on March 20, 2000, after Dickey was released from prison on completion of his sentence.  The state then filed a motion to dismiss the case for lack of jurisdiction, or for mootness, but the district court ruled that it lacked jurisdiction to rule on the state's motion after an appeal was filed.

At the time of this appeal, Dickey's whereabouts were unknown by both the state of Mississippi and Dickey's counsel.  Dickey's counsel has continued to represent him, and advised the court at oral argument that she thought he could be contacted.

II

---

[1] The magistrate judge, in accordance with Martin v. Texas, 737 F.2d 460, 462 (5th Cir. 1994), noted that "[t]he Fifth Circuit has stated in no uncertain terms that the failure on counsel's part to inform a defendant of his right to appointed counsel on appeal if indigent constitutes ineffective assistance and requires that habeas relief be granted."  The parties do not contest this point on appeal.

4

Dickey completed his sentence and was released from prison on November 18, 1999.  The state argues that Dickey's release from prison moots this appeal, because the relief sought in the habeas petition, release from confinement, has been achieved.  Even though Dickey was released prior to this appeal, however, his appeal satisfies the case or controversy requirement if there exists "some concrete and continuing injury other than the now ended incarceration or parole."  Spencer v. Kemna, 523 U.S. 1, 7 (1998).  The Supreme Court presumes that "a wrongful criminal conviction has continuing collateral consequences."  Id. at 8.  Dickey asserts that the presumption of collateral consequences applies to him because he is contesting his criminal conviction through his right to appeal.  As a convicted felon, Dickey is barred from a variety of activities.  He cannot hold certain offices, engage in particular businesses or professions, possess firearms, vote or serve as a juror in Mississippi.  Assuming he was not allowed to appeal due to ineffective assistance of counsel, he suffers the consequences of a criminal conviction, and his appeal is therefore not moot.

## III

On appeal, the state does not contest that Dickey would be entitled to habeas if his attorney failed to inform him of the right to appeal in forma pauperis.  Instead, the state argues that

the district court failed to give the Mississippi Supreme Court's factual findings a presumption of correctness as required under 28 U.S.C. § 2254, and that the district court improperly weighted Dickey's affidavit over the affidavit of his former attorney.

We review the district court's findings of fact for clear error and its rulings on issues of law de novo. Little v. Johnson, 162 F.3d 855, 859 (5th Cir. 1998). A finding of fact is clearly erroneous when the appellate court is left with the firm and definite conviction that a mistake has been committed, even if there is enough evidence to support the district court's determination. Meanes v. Johnson, 138 F.3d 1007, 1010 (5th Cir. 1998). Under the pre-AEDPA version of § 2254,[2] federal courts must give state courts' findings of fact a presumption of correctness unless enumerated exceptions apply, such as a failure to resolve the merits of the factual dispute in the state court hearing, or a failure to adequately develop the material facts at the state court hearing. See 28 U.S.C. § 2254(d)(1)&(3)(pre-AEDPA).

The state argues that the district court erred in not giving a presumption of correctness to the Mississippi Supreme Court's findings that there was a lack of evidence to support the motion for an out-of-time appeal, and that Dickey's attorney's performance

_____

[2]Dickey's habeas petition was filed before the effective date of the AEDPA, and thus must be considered under pre-AEDPA law. Lindh v. Murphy, 521 U.S. 320, 336 (1997).

was not deficient.  Although, under the pre-AEDPA law, the ultimate conclusion on ineffective assistance of counsel is not entitled to deference in federal court, the state court's subsidiary findings of fact and credibility are entitled to a presumption of correctness.  Moore v. Johnson, 194 F.3d 586, 604 (5th Cir. 1999).

Dickey argues, and the magistrate judge found, however, that the presumption does not apply because the Mississippi court never addressed the factual question of whether Dickey was informed of his right to appeal in forma pauperis.  Thus, the presumption of correctness does not apply because the "merits of the factual dispute were not resolved in the State court hearing."  28 U.S.C. § 2254(d)(1)(pre-AEDPA).  We agree.  The state court determination does not seem to have resolved the merits of the factual dispute or adequately developed the material facts with respect to the failure to inform Dickey of the right to appeal in forma pauperis.  Because there was no state court finding on the issue, the district court did not err in failing to apply a presumption of correctness.

The district court also did not err in its evaluation of the affidavits of Dickey and Ferguson.  Dickey's affidavit stated that he was not informed of his right to appeal in forma pauperis before the appeal's period had run.  Ferguson's affidavit stated that he did not remember whether he had informed Dickey of his rights, but that his usual practice was to inform clients of the option of

7

appealing in forma pauperis. Although the state contends that one statement in Dickey's affidavit is untrue, and that Ferguson is a more credible affiant, neither of these contentions affect the core of the magistrate judge's ruling: Ferguson does not remember informing Dickey of his right to appeal in forma pauperis. Thus, the district court's finding that Dickey was not informed of his right to appeal in forma pauperis is not clearly erroneous.

III

Although it seems clear that Dickey was deprived of his constitutional right to appeal by not being informed of the opportunity to appeal in forma pauperis, the appropriate remedy is less obvious. The constitutional right that was violated, the right to contest the conviction on appeal, is not a direct challenge to the validity of the conviction. Thus, the remedy should be limited to the grant of an out-of-time appeal in the Mississippi state courts.

Furthermore, Dickey was released from prison, and his whereabouts are currently unknown. Despite the collateral consequences of his criminal conviction, Dickey has not directly expressed an interest in appealing that conviction after his release from prison. To ensure that he is still interested in an appeal, our granting of an out-of-time appeal is conditioned on Dickey's notification of this court, in writing and personally

8

executed, that he wishes to exercise his right of appeal. This notification must be filed with the clerk of our court on or before thirty days after the issuance of this opinion. If Dickey does pursue an appeal, the appeal must be filed in the state courts of Mississippi within ninety days of the issuance of this opinion. No extensions on these time limits will be granted. If Dickey fails to meet any of these time limits, the district court is directed to dismiss his federal habeas petition with prejudice.

IV

Because the case is not moot, and because the district court did not err in determining that Dickey suffered a constitutional violation entitling him to habeas relief, we conditionally AFFIRM the district court's order requiring that Dickey be afforded an out-of-time appeal in the Mississippi state courts. This relief, however, is conditioned on Dickey's notification of the clerk of this court within thirty days, and his appeal in the Mississippi court within ninety days of this opinion, as we have noted above.

AFFIRMED CONDITIONALLY.