IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-40,449-08






EX PARTE GARY LYNN ROBINSON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 14,710-96 IN THE 402ND DISTRICT COURT


FROM WOOD COUNTY





 Per curiam.




O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated assault
and sentenced to twenty years' imprisonment. The Sixth Court of Appeals affirmed his conviction.
Robinson v. State, 06-05-00129-CR (Tex. App.-Texarkana, Jan. 24, 2006, no pet.).

 Applicant contends that he pleaded guilty pursuant to a plea agreement and that restitution
was not part of the agreement. Alternatively, he contends that he was not notified before being
sentenced that he would have to pay $138,658.85 in restitution. On January 16, 2008, we remanded
this application for findings of fact and conclusions of law. On remand, the trial court found that
restitution was not part of Applicant's plea agreement and that Applicant was not provided with an
opportunity to contest the amount of the restitution.

 We disagree in part. We have reviewed the record in Applicant's case, and there is no
indication that the parties contemplated that, as part of the plea agreement, Applicant would not have
to pay restitution. Instead, the parties agreed that Applicant would be sentenced to twenty years'
imprisonment, that a pending charge of aggravated assault would be dismissed, and that no deadly
weapon finding would be entered in the judgment. We have declined to hold that the absence of a
condition in a plea agreement or record means that that condition was contemplated by the parties
as part of the agreement. Ex parte Williams, 758 S.W.2d 785 (Tex. Crim. App. 1988); Ex parte
Watkins, 770 S.W.2d 816 (Tex. Crim. App. 1989).

 We agree that Applicant was not provided with an opportunity to contest the $138,658.85
in restitution. Applicant, however, could have raised this ground on direct appeal. Ex parte
Townsend, 137 S.W.3d 79, 81 (Tex. Crim. App. 2004) ("Even a constitutional claim is forfeited if
the applicant had the opportunity to raise the issue on appeal").

 Accordingly, relief is denied.

Filed: June 18, 2008

Do not publish